PER CURIAM.
The Florida Bar’s Juvenile Court Rules Committee (Committee) has filed a “fast-track” out-of-cycle report proposing amendments to the Florida Rules of Juvenile Procedure in order to implement recent legislation. See Fla. R. Jud. Admin. 2.140(e). We have jurisdiction. Art. V, § 2(a), Fla. Const.
The Committee proposes amendments to rules 8.201 (Commencement of Proceedings), 8.415 (Judicial Review of Dependency Cases), 8.425 (Permanency Hearings), 8.500 (Petition), and 8.510 (Advisory Hearing and Pretrial Status Conferences), and form 8.980 (Petition for Termination of Parental Rights Based on Voluntary Relinquishment). The proposed amendments are in response to recent amendments to chapter 39, Florida Statutes, made by section 1 of chapter 2012-81, section 5 of chapter 2012-105, and sections 2 and 12 of chapter 2012-178, Laws of Florida. The statutory amendments made by chapters 2012-81 and 2012-178 went into effect July 1, 2012. See ch.2012-81, § 27, Laws of Fla.; ch.2012-178, § 20, Laws of Fla. The amendments made by chapter 2012-105 will go into effect on January 1, 2013. See ch.2012-105, § 10, Laws of Fla.
After considering the Committee’s proposals and reviewing the relevant legislation, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments to rules 8.201, 8.425, 8.500, and 8.510, and form 8.980 shall take effect immediately upon the release of this opinion. The amendment to rule 8.415 will take effect on January 1, 2013, at 12:01 a.m. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[1],[2]
It is so ordered.
*369 POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 8.201. COMMENCEMENT OF PROCEEDINGS
(a) Commencement of Proceedings. Proceedings are commenced when:
(1) an initial shelter petition is filed;
(2) a petition alleging dependency is filed; of
(3) a petition for termination of parental rights is filed; or
(4) a petition for an injunction to prevent child abuse under chapter 39, Florida Statutes, is filed.
(b) [No change]
RULE 8.415. JUDICIAL REVIEW OF DEPENDENCY CASES
(a)-(b) [No change]
(c) Report. In all cases, the department or its agent shall prepare a report to the court. The report shall contain facts showing the court to have jurisdiction of the cause as a dependency case. It shall contain information as to the identity and residence of the parent, if known, and the legal custodian, the dates of the original dependency adjudication and any subsequent judicial review proceedings, the results of any safe-harbor placement assessment including the status of the child’s placement, and a request for one or more of the following forms of relief:
(1) that the child’s placement be changed;
(2) that the case plan be continued to permit the parents or social service agency to complete the tasks assigned to them in the agreement; or
(3) that proceedings be instituted to terminate parental rights and legally free the child for adoption.
(d)-(h) [No change]
Committee Notes
[No change]
RULE 8.425. PERMANENCY HEARINGS
(a) Required Review. A permanency hearing must be held no later than 12 months after the date the child was removed from the home or no later than-wjthin-30 days after a count-determines that reasonable efforts to return a child to either parent are not required, whichever occurs first. A permanency hearing must be held at least every 12 months for any child who continues to receive supervision fpombe supervised by the department or awaits adoption.
(b)-(f) [No change]
RULE 8.500. PETITION
(a) [No change]
(b) Contents.
(1) The petition shall contain allegations as to the identity and residence of the parents, if known.
*370 (2) The petition shall identify the age, sex, and name of the child. Two or more children may be the subject of the same petition.
(3) The petition shall include facts supporting allegations that each of the applicable statutory elements for termination of parental rights has been met.
(4) When required by law, the petition shall contain a showing that the parents were offered a case plan and did not substantially comply with it.
(5) The petition shall contain an allegation that the parents will be informed of the availability of private placement of the child with an adoption entity, as defined in chapter 63, Florida Statutes.
(g)(6) The petition shall have a certified copy of the birth certificate of each child named in it attached unless the petitioner, after diligent search and inquiry, is unable to produce it, in which case the petition shall state the date and place of birth of each child, unless these matters cannot be ascertained after diligent search and inquiry or for other good cause.
(c)-(g) [No change]
RULE 8.510. ADVISORY HEARING AND PRETRIAL STATUS CONFERENCES
(a) Advisory Hearing.
(1) An advisory hearing on the petition to terminate parental rights must be held as soon as possible after service of process can be effected, but no less than 72 hours following service of process. Personal appearance of any person at the advisory hearing eliminates the time requirement for serving process on that person.
(2) The court must:
(A) advise the parents of their right to counsel and appoint counsel in accordance with legal requirements;
(B) advise the parents of the availability of private placement of the child with an adoption entity, as defined in chapter 63, Florida Statutes;
(RC) determine whether an admission, consent, or denial to the petition shall be entered; and
(CD) appoint a guardian ad litem if one has not already been appointed.
(3) If a parent served with notice fails to personally appear at the advisory hearing, the court shall enter a consent to the termination of parental rights petition for the parent who failed to personally appear.
(4) If an admission or consent is entered by all parents for a named child included in the petition for termination of parental rights and the court finds that termination of parental rights is in the best interest of the child, the court shall proceed to disposition alternatives as provided by law.
(5) If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law or grant a continuance until the parties have sufficient time to proceed to an adjudicatory hearing.
(b)-(c) [No change]
FORM 8.980. PETITION FOR TERMINATION OF PARENTAL RIGHTS BASED ON VOLUNTARY RELINQUISHMENT
PETITION FOR TERMINATION OF PARENTAL RIGHTS
Petitioner, .(name) ., respectfully petitions this Court for termination of parental rights and permanent commitment of the minor children), .(name(s)) ., to .(agency name).for the purpose of subsequent adoption, and as grounds states the following:
*371 A. PARTIES
1. The child, .(name) ., is a male/female child born on .(date) ., at.(city, county, state) . At the time of the filing of this petition, the child is .(age) . A copy of the child’s birth certificate is attached to this Petition and incorporated as Petitioner’s Exhibit.
COMMENT: Repeat above for each child on petition.
2. The children) is/are presently in the care and custody of .(name) ., and is/are residing in .County, Florida.
8. An affidavit under the Uniform Child Custody Jurisdiction and Enforcement Act is attached to this as Petitioner’s Exhibit.
4.The natural mother of the child(ren) is .(name) ., who resides at
5.The natural/alleged/putative father of the children).(name(s)) . is .(name) ., who resides at
COMMENT: Repeat # 5 as necessary.
6.A guardian ad litem.has. has not been appointed to represent the interests of the ehild(ren) in this cause.
B. GROUNDS FOR TERMINATION
1. The parent(s) have been advised of their right to legal counsel at all hearings that they attended.
2. The parents will be informed of the availability of private placement of the child with an adoption entity as defined in chapter 63, Florida Statutes.
23. The mother, .(name) ., freely, knowingly, voluntarily, and . with.without advice of legal counsel executed an Affidavit and Acknowledgment of Surrender, Consent, and Waiver of Notice on.(date)., for termination of her parental rights to the minor child, .(name) ., under section 39.806(l)(a), Florida Statutes.
COMMENT: Repeat above as necessary.
34. The father, .(name) ., freely, knowingly, and voluntarily, and .with .without advice of legal counsel executed an Affidavit and Acknowledgment of Surrender, Consent, and Waiver of Notice on.(date)., for termination of his parental rights to the minor child,.(name)., under section 39.806(l)(a), Florida Statutes.
COMMENT: Repeat above as necessary.
45. Under the provisions of chapter 39, Florida Statutes, it is in the manifest best interest of the child(ren) for parental rights to be terminated for the following reasons:
. allegations which correspond to sections 39.810(1)-(11), Florida Statutes.
56. A copy of this petition shall be served on the natural mother,.(name) .; the father(s), .(name(s)) .; the custodian, .(name).; and the guardian ad litem, .(name)
67. This petition is filed in good faith and under oath.
WHEREFORE, the petitioner respectfully requests that this court grant this petition; find that the parents have voluntarily surrendered their parental rights to the minor children); find that termination of parental rights is in the manifest best interests of this/these child(ren); and that this court enter an order permanently committing this/these child(ren) to the .(name) . for subsequent adoption.
/s/-
.(petitioner’s name and
*372 identifying information).
Verification
/s/-
.(attorney’s name).
.(address and telephone
(email address(es))
.(Florida Bar number).
Certificate of Service

. An original and nine paper copies of all comments must be filed with the Court on or before December 10, 2012, with a certificate of service verifying that a copy has been served on the Committee Chair, The Honorable Daniel Paul Dawson, 2 Courthouse Square, Room 6435, Kissimmee, Florida 34741, and on the Bar Staff Liaison to the Committee, Ellen Sloyer, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, as *369 well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until December 31, 2012, to file a response to any comments filed with the Court. Electronic copies of all comments also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).

. Additionally, the Committee is directed to file within the comment period a supplemental report addressing whether form 8.981 (Petition for Involuntary Termination of Parental Rights) should be amended in response to section 1 of chapter 2012-81, Laws of Florida, amending section 39.802(4), Florida Statutes.