PER CURIAM.
The Juvenile Court Rules Committee (Committee) has filed its regular-cycle report of proposed rules and forms amendments in accordance with Florida Rule of Judicial Administration 2.140(b). We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
The Committee proposes amendments to rules 8.035 (Petitions for Delinquency), 8.070 (Arraignments), 8.075 (Pleas), 8.080 (Acceptance of Guilty or Nolo Contendere Plea), 8.115 (Disposition Hearing), 8.201 (Commencement of Proceedings), 8.225 (Process, Diligent Searches, and Service of Pleadings and Papers), 8.260 (Orders), 8.285 (Contempt), 8.340 (Disposition Hearings), 8.345 (Post-Disposition Relief), 8.350 (Placement of Child Into Residential Treatment Center After Adjudication of Dependency), and proposes new rules 8.286 (Civil Contempt), 8.347 (Motion to Supplement Order of Adjudication, Disposition Order, and Case Plan), and 8.517 (Withdrawal and Appointment of Counsel). The Committee also proposes amendments to a number of juvenile forms and proposes new form 8.952 (Findings for Juvenile Sexual Offender Registration). Consistent with rule 2.140(b)(2), the Committee published its proposals for comment prior to filing them with the Court. One comment was received. The Board of Governors of The Florida Bar unanimously approved the proposals. After the report was filed, the proposals were again published for comment. No comments were filed. Oral argument was heard on the proposals on June 6, 2012. After oral argument, the Court directed the Committee to file supplemental information pertaining to the proposed amendments to rules 8.080 (Acceptance of Guilty or Nolo Contendere Plea) and 8.225 (Process, Diligent *287 Searches, and Service of Pleadings and Papers).
AMENDMENTS
After considering the Committee’s report, its presentation at oral argument, and the supplemental information provided, we adopt a number of amendments to the Florida Rules of Juvenile Procedure, as described below.[1]
Rules 8.035 (Petitions for Delinquency), 8.070 (Arraignments), 8.075 (Pleas), and 8.115 (Disposition Hearing) are amended to conform the language of those rules more closely with their adult criminal rule counterparts.
Rule 8.080 (Acceptance of Guilty or Nolo Contendere Plea) is amended to: (1) add new subdivision (b) requiring that pleas be taken in open court, similar to Florida Rule of Criminal Procedure 8.172(b), but providing that “the hearing may be closed as provided by law;” (2) add new subdivision (c)(8) requiring that before entering a plea, the child must be advised that the plea may require the child to register as a sexual offender; (3) add new subdivision (c)(10) requiring that before entering a plea, the child must be advised that the plea may have deportation and immigration consequences, similar to criminal rule 3.172(c)(8); and (4) amend current subdivision (e) (now redesignated as (f)) to state that the parties must advise the court of any plea agreement and may advise the court of the reasons for it, and to state that the court must advise the parties whether it accepts or rejects the plea agreement and may state its reasons, similar to criminal rule 3.171.[2]
Subdivisions (a) and (b) of rule 8.201 (Commencement of Proceedings) are amended to add two new items constituting “commencement” of a dependency proceeding: (1) filing of a petition or affidavit or an order to take a child into custody; and (2) filing of any other petition authorized by Chapter 39, Florida Statutes, and to provide that upon commencement of any proceeding, the clerk shall open a file and assign a case number.[3]
Rule 8.260 (Orders) is amended to clarify that all orders must be signed by the judge, see section 39.0132(5), Florida Statutes (2012), and to list the types of orders over which a dependency order takes precedence, see section 39.013(4), Florida Statutes (2012).
The title of rule 8.285 (Contempt) is amended to reflect that the rule addresses only criminal contempt proceedings, and new rule 8.286 (Civil Contempt) is adopted to govern civil contempt proceedings in dependency and termination of parental rights matters.
Subdivision (c) of rule 8.340 (Disposition Hearings) is amended to more closely mirror the requirements for disposition orders, as set forth in section 39.521(l)(d), Florida Statutes (2012).
Subdivision (b) of rule 8.345 (Post-Disposition Relief) is amended to provide that jurisdiction does not terminate at age eighteen if the court has extended jurisdiction over the child, as provided under certain *288 circumstances in section 39.013(2), Florida Statutes (2012).
New rule 8.347 (Motion to Supplement Order of Adjudication, Disposition Order, and Case Plan) is adopted in order to provide a uniform process for a party to move the court to supplement a dependency adjudication order with findings that a parent or legal guardian contributed to the dependent status of the child. The rule addresses the requirements for the content of the motion, service of the motion, and procedures for a hearing on the motion.
Rule 8.350 (Placement of Child Into Residential Treatment Center After Adjudication of Dependency) is amended to delete the requirement in subdivision (a)(ll)(A)(iii) that the court consider “a case review committee recommendation, if there has been one,” as such is not required under section 39.407(6), Florida Statutes (2012).
New rule 8.517 (Withdrawal and Appointment of Counsel) is adopted to address withdrawal of counsel of record for a parent or custodian in a dependency or termination of parental rights proceeding and appointment of appellate counsel in such proceedings. The new rule provides that after an order of adjudication of dependency, an order of disposition, or an order terminating parental rights has been entered, counsel of record shall not be permitted to withdraw until counsel certifies that he or she has discussed appellate remedies with the parent or custodian and certifies that the parent or custodian does not wish to appeal or, if the parent or custodian wishes to appeal, certain appellate documents have been filed and appellate counsel has been appointed. If counsel is unable to contact the parent or custodian, counsel must certify the efforts made to contact the parent or custodian. Finally, the rule requires the court to serve a copy of the order appointing appellate counsel on the appointed counsel and the clerk of the appellate court.
Forms 8.908, 8.929, 8.959, 8.960, 8.961, 8.963, 8.964, 8.965, 8.966, 8.967, 8.970, 8.973, 8.975, 8.979, and 8.982 are amended to conform the ADA notice language in those forms to the requirements of Florida Rule of Judicial Administration 2.540(c)(1).[4] Appropriate ADA notice language is added to forms 8.929 and 8.961.
Form 8.947 (Disposition Order — Delinquency) is amended to include the specific statutory authority for costs and fees imposed on the child by the court and to correct the reference to the statutory basis for collection of a DNA sample at disposition.[5]
*289 New form 8.952 (Findings for Juvenile Sexual Offender Registration) is adopted and provides the court with the necessary factual findings required under section 943.0435(l)(a)l.d., Florida Statutes (2012), in determining whether a juvenile is required to register as a sexual offender.
Finally, the Committee proposed fairly major amendments to rule 8.225 (Process, Diligent Searches, and Service of Pleadings and Papers) in order to address two areas it identified as primary reasons for delays in permanency for children: (1) lack of legally sufficient and effective diligent search to locate the parent for service of a dependency petition or petition to terminate parental rights, and (2) lack of effective procedures for the identification and establishment of paternity in dependency and termination of parental rights proceedings. The Committee proposed amending subdivision (b) of rule 8.225 in order to provide a process for the court, at the outset of a proceeding, to review the affidavit of diligent search to determine whether there are deficiencies in the search process and to add a requirement that the clerk not certify a notice of action for constructive service unless the court has entered an order finding that the petitioner has conducted a diligent search as required by law. The Committee proposed adding and amending subdivisions (c) through (f) to provide procedures for the identification and establishment of parenthood in dependency or termination of parental rights proceedings. The new and amended provisions address identification of parents or prospective parents, failure of the court to identify any parent or prospective parent, and determinations of parenthood. We adopt the amendments proposed by the Committee; however, we adopt proposed new subdivision (f) (Determination of Parenthood) as a separate new rule, rule 8.226.
Accordingly, the Florida Rules of Juvenile Procedure are hereby amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. These amendments shall become effective at 12:01 a.m., on July 1, 2013.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 8.035. PETITIONS FOR DELINQUENCY
(a) Contents of Petition.
(1) Each petition shall be entitled a petition for delinquency and shall allege facts showing the child to have committed a delinquent act. The petition must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.
(2) — (4) [No Change]
(5) Two or more children may be the subject of the same petition if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. The children may be named in Jone or more counts together or separately and all of them need not be named in each count.
(6) Allegations made in one count shall not be incorporated by reference in another count.
(b) [No Change]
(c) Child’s Right to Copy of Petition. Upon application to the clerk, a child must be furnished a copy of the petition and the endorsements on it at least 24 hours before being required to plead to the petition.
*290 (ed) Amendments. At any time prior to the adjudicatory hearing an amended petition may be filed or the petition may be amended on motion. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(e) Statement of Particulars. The court, on motion, must order the prosecuting attorney to furnish a statement of particulars when the petition on which the child is to be tried fails to inform the child of the particulars of the offense sufficiently to enable the child to prepare a defense. The statement of particulars must specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney. Reasonable doubts concerning the construction of this rule shall be resolved in favor of the child.
(df) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of offenses or for any cause whatsoever. If-the court is of the-opinion that the petition-is.so-vague, indistinct-and-indefinite as to mislead the child and-prejudice-the child in the preparation of a defense,- the petitioner may be required to furnish a statement of particu-
RULE 8.070. ARRAIGNMENTS
(a) [No Change]
(b) Plea. The reading or statement as to the charge or charges may be waived by the child. No child, whether represented by counsel or otherwise, shall be called on to plead unless and until he or she has had a reasonable time within which to deliberate thereon. If the child is represented by counsel, counsel may file a written plea of not guilty at or before arraignment and arraignment shall then be deemed waived. If a plea of guilty or nolo contendere is entered, the court shall proceed as set forth under rule 8.115, disposition hearings. If a plea of not guilty is entered, the court shall set an adjudicatory hearing within the period of time provided by law. The child is entitled to a reasonable time in which to prepare for trial.
Committee Notes
[No Change]
RULE 8.075. PLEAS
No written answer to the petition nor any other pleading need be filed. No child, whether represented by counsel or otherwise, shall be called upon to plead until he or she has had a reasonable time within which to deliberate thereon.
(a)-(b) [No Change]
(c) Written Answer. A written answer admitting or denying the allegations of the petition may be filed by the child joined by a parent, custodian, or the child’s counsel. If the answer admits the allegations of the petition it must acknowledge that the child has been advised of the right to counsel, the right to remain silent, and the possible dispositions available to the court and shall include a consent to a predispositional study. Upon the filing of such an answer, a hearing for adjudication or adjudication and disposition shall be set at the earliest practicable time.
(d) [No Change]
(e) Withdrawal of Plea. The court may for good cause shown at any time prior to the beginning of a disposition hearing permit a plea of guilty or nolo contendere to be withdrawn, and if a finding that the child committed a delinquent act has been *291 entered thereon, set aside such finding and allow another plea to be substituted for the plea of guilty or nolo contendere. In the subsequent adjudicatory hearing, the court shall not consider the plea which was withdrawn as an admission.
(f) [No Change]
RULE 8.080. ACCEPTANCE OF GUILTY OR NOLO CON-TENDERE PLEA
(a) [No Change]
(b) Open Court. All pleas shall be taken in open court, except the hearing may be closed as provided by law.
(be) Determination by Court. The court, when making this determination, should place the child under oath and shall address the child personally. The court shall determine that the child understands each of the following rights and consequences of entering a guilty or nolo con-tendere plea:
(1) The nature of the charge to which the plea is offered and the possible dispositions available to the court.
(2) If the child is not represented by an attorney, that the child has the right to be represented by an attorney at every stage of the proceedings and, if necessary, one will be appointed. Counsel shall be appointed if the child qualifies for such appointment and does not waive counsel in writing subject to the requirements of rule 8.165.
(3) That the child has the right to plead not guilty, or to persist in that plea if it had already been made, and that the child has the right to an adjudicatory hearing and at that hearing has the right to the assistance of counsel, the right to compel the attendance of witnesses on his or her behalf, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself.
(4) That, if the child pleads guilty or nolo contendere, without express reservation of the right to appeal, the right to appeal all matters relating to the judgment, including the issue of guilt or innocence, is relinquished, but the right to review by appropriate collateral attack is not impaired.
(5) That, if the child pleads guilty or nolo contendere, there will not be a further adjudicatory hearing of any kind, so that by pleading so the right to an adjudicatory hearing is waived.
(6) That, if the child pleads guilty or nolo contendere, the court may ask the child questions about the offense to which the child has pleaded, and, if those questions are answered under oath, on the record, the answers may later be used against the child in a prosecution for perjury.
(7) The complete terms of any plea agreement including specifically all obligations the child will incur as a result.
(8) That, if the child pleads guilty or nolo contendere to certain sexual offenses, the child may be required to register as a sexual offender.
(89) That, if the child pleads guilty or nolo contendere, and the offense to which the child is pleading is a sexually violent offense or a sexually motivated offense, or if the child has been previously adjudicated for such an offense, the plea may subject the child to involuntary civil commitment as a sexually violent predator on completion'of his or her sentence. It shall not be necessary for the trial judge to determine whether the present or prior offenses were sexually motivated, as this admonition shall be given to all children in all cases.
*292 (10) That, if the child pleads guilty or nolo contendere, and the child is not a United States citizen, the facts underlying the plea may subject the child to deportation pursuant to the laws and regulations governing the United States Citizenship and Immigration Services. It shall not be necessary for the trial judge to inquire as to whether the child is a United States citizen, as this admonition shall be given to all children in all cases.
(ed) Acknowledgment by Child. Before the court accepts a guilty or nolo contendere plea, the court must determine that the child either:
(1) acknowledges guilt; or
(2) acknowledges that the plea is in the child’s best interest, while maintaining innocence.
(de) Of Record. These proceedings shall be of record.
(ef) When Binding. Prior to the court’s acceptance of a plea, the parties must notify the court of any plea agreement and may notify the court of the reasons for the plea agreement. Thereafter, the court must advise the parties whether the court accepts or rejects the plea agreement and may state its reasons for a rejection of the plea agreement. No plea offer or negotiation is binding until it is accepted by the court after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification.
(%) Withdrawal of Plea When Judge Does Not Concur. If the trial judge does not concur in a tendered plea of guilty or nolo contendere arising from negotiations, the plea may be withdrawn.
(gh) Failure to Follow Procedures. Failure to follow any of the procedures in this rule shall not render a plea void, absent a showing of prejudice.
RULE 8.115. DISPOSITION HEARING
(a) Information Available to Court. At the disposition hearing the court, after establishing compliance with the disposi-tional considerations, determinations, and discussions required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. It shall include written reports required by law, and may include, but shall not be limited to, the child’s need for substance abuse evaluation and/or treatment, and any psychiatric or psychological evaluations of the child that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing. In any case in which it is necessary or consented to by the parties that disposition be pronounced by a judge other than the judge who presided at the adjudicatory hearing or accepted a plea of guilty or nolo conten-dere, the sentencing judge shall not pronounce disposition until the judge becomes acquainted with what transpired at the adjudicatory hearing, or the facts concerning the plea and the offense, including any plea discussions if a plea of guilty or nolo contendere was entered.
(b)-(e) [No Change]
Committee Notes
[No Change]
RULE 8.201. COMMENCEMENT OF PROCEEDINGS
(a) Commencement of Proceedings. Proceedings are commenced when:
(1) an initial shelter petition is filed;
(2) a petition alleging dependency is filed;
*293 (3) a petition for termination of parental rights is filed; or
(4) a petition for an injunction to prevent child abuse under chapter 39, Florida Statutes, is filed;
(5) a petition or affidavit for an order to take into custody is filed; or
(6) any other petition authorized by chapter 39, Florida Statutes, is filed.
(b) File to Be Opened. Upon commencement of any dependency or termination-of- parental rights proceeding, the clerk shall open a file and assign a case number.
RULE 8.225. PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS
(a) Summons and Subpoenas.
(1) — (4) [No Change]
(b) Paternity — Inquiry—and Diligent Search.
(1) Identity Unknown. — -If the-identity of-a-parent-is unknown, and a petition for dependency, — shelter- care, or -termination of parental rights- is -filedf.the cour-t-shall-conduct the inquiry required by-law: — The-infcrmation required by law may be -submitted-to-the court in the form of a sworn affidavit-executed-by-a person having personal knowledge-of-the ■facts.
(21) Location Unknown. If the location of a parent is unknown and that parent has not filed a permanent address designation with the court, the petitioner shall undertakecomplete a diligent search as required by law.
(32) Affidavit of Diligent Search. If the location of a parent is unknown after the diligent search has been completed, the petitioner shall file with the court an affidavit of diligent search executed by the person who made the search and inquiry.
(3) Court Review of Affidavit. The court must review the affidavit of diligent search and enter an order determining whether the petitioner has completed a diligent search as required by law. In termination of parental rights proceedings, the clerk must not certify a notice of action until the court enters an order finding that the petitioner has conducted a diligent search as required by law. In a dependency proceeding, if the court finds that the petitioner has conducted a diligent search, the court may proceed to grant the requested relief of the petitioner as to the parent whose location is unknown without further notice.
(34) Continuing Duty. After filing an affidavit of diligent search in a dependency or termination of parental rights proceeding, the petitioner, and, if the court requires, the department, are under a continuing duty to search for and attempt to serve the parent whose location is unknown until excused from further diligent search by the court. The department shall report on the results of the continuing search at each court hearing until the person is located or until further search is excused by the court.
(5) Effect of Pater-nity--Inquir-y-and DiligenLSearehT
(A) Failure to serve parentswhose. identity or residence is unknown shall-not-affect-the-validity-of-an order of adjudication or disposition if the court fmds-the-peti-tioner-has-eompleted a diligent search.
(B) If the. court-inquiry-fails to identify any person as a parent-or-prospective parent, the court ■shall-so-fiad and may proceed-without further notice.
(C) If the -inquiry, diligent search, ■ or-subsequent — search identifies and locates *294 any-person who may be a parent or prospective parent, the court — shall require notice of the hearing to be provided to that person. — That persen-anust-then be given an opportunity to-become a party-to- -the proceedings by completing a sworn affidavit-of-parenthood and filing--it with the court or the-department.
(c) Identity of Parent Unknown.
(1) If the identity of a parent is unknown, and a petition for dependency, shelter care, or termination of parental rights is filed, the court shall conduct the inquiry required by law. The information required by law may be submitted to the court in the form of a sworn affidavit executed by a person having personal knowledge of the facts.
(2) If the court inquiry fails to identify any person as a parent or prospective parent, the court shall so find and may proceed to grant the requested relief of the petitioner as to the unknown parent without further notice.
(d) Identity and Location Determined. If an inquiry or diligent search identifies and locates any person who may be a parent or prospective parent, the court must require that notice of the hearing be provided to that person.
(e) Effect of Failure to Serve. Failure to serve parents whose identity or residence is unknown shall not affect the validity of an order of adjudication or disposition if the court finds the petitioner has completed a diligent search.
(ef) Notice and Service of Pleadings and Papers.
(l)-(ll) [No Change]
RULE 8.226. DETERMINATION OF PARENTHOOD
(a) In General. The court must determine the identity of all parents and prospective parents at the initial hearing in proceedings under chapter 39, Florida Statutes, as provided by law. Nothing in this rule prevents a parent or prospective parent from pursuing remedies under chapter 742, Florida Statutes. The court having .jurisdiction over the dependency matter may conduct proceedings under chapter 742, Florida Statutes, either as part of the chapter 39, Florida Statutes, proceeding or in a separate action under chapter 742, Florida Statutes.
(b) Appearance of Prospective Parent.
(1) If a prospective parent appears in the chapter 39, Florida Statutes, proceeding, the court shall advise the prospective parent of the right to become a parent in the proceeding by completing a sworn affidavit of parenthood and filing the affidavit with the court or the department. This subdivision shall not apply if the court has identified both parents of the child as defined by law.
(2) If the prospective parent seeks to become a parent in the chapter 39, Florida Statutes, proceeding, the prospective parent shall complete a sworn affidavit of parenthood and file the affidavit with the court or the department. If a party objects to the entry of the finding that the prospective parent is a parent in the proceeding, or if the court on its own motion requires further proceedings to determine parenthood, the court shall not enter an order finding parenthood until proceedings under chapter 742, Florida Statutes, have been concluded. The prospective parent shall continue to receive notice of hearings as a participant pending the proceedings under chapter 742, Florida Statutes. If no other party objects and the court does not require further proceedings to determine parenthood, the court shall enter an order finding that the prospective parent is a parent in the proceeding.
*295 (3) If the prospective parent is uncertain about parenthood and requests further proof of parenthood, or if there is more than one prospective parent for the same child, the juvenile court may conduct proceedings under chapter 742, Florida Statutes, to determine parenthood. At the conclusion of the chapter 742, Florida Statutes, proceedings, the court shall enter an order determining parenthood.
(4) Provided that paternity has not otherwise been established by operation of law or court order, at any time prior to the court entering a finding that the prospective parent is the parent in the proceeding, the prospective parent may complete and file with the court or the department a sworn affidavit of nonpa-ternity declaring that the prospective parent is not the parent of the child and waiving all potential rights to the child and rights to further notices of hearing and court filings in the proceeding.
(5) If the court has identified both parents of a child as defined by law, the court shall not recognize an alleged biological parent as a parent in the proceeding until a court enters an order pursuant to law establishing the alleged biological parent as a parent in the proceeding.
RULE 8.260. ORDERS
(a) General Requirements. All orders of the court shallmust be reduced to writing as soon after they are entered as is consistent with orderly procedure, and shallmust contain specific findings of fact and conclusions of law, and shallmust be signed by the .judge as provided by law.
(b) Transmittal to Parties. A copy of all orders shallmust be transmitted by the court or under its direction to all parties at the time of entry of the order.
(c) [No Change]
(d) Precedence of Orders. Orders of the circuit court hearing dependency matters shallmust be filed in any dissolution or other custody action or proceeding involving the same child. These orders shall-must take precedence-over.-other custody and visitation orders affecting the placement of, access to, parental time with, adoption of, or parental rights and responsibilities for the same minor child, unless jurisdiction has been terminated. They These orders may be filed under seal and need not be open to inspection by the public.
RULE 8.285. CRIMINAL CONTEMPT (a)-(b) [No Change]
RULE 8.286. CIVIL CONTEMPT
(a) Applicability. This rule governs indirect civil contempt proceedings in matters related to juvenile dependency. The use of civil contempt sanctions under this rule must be limited to those used to compel compliance with a court order or to compensate a movant for losses sustained as a result of a contemnor’s willful failure to comply with a court order. Contempt sanctions intended to punish an offender or to vindicate the authority of the court are criminal in nature and are governed by rule 8.285.
(b) Motion and Notice. Civil contempt may be initiated by motion. The motion must recite the essential facts constituting the acts alleged to be contemptuous. No civil contempt may be imposed without notice to the alleged contemnor and without providing the alleged contemnor with an opportunity to be heard. The civil contempt motion and notice of hearing may be served by mail provided notice by mail is reasonably calculated to apprise the alleged contemnor of the pendency of the proceedings. The notice must specify the *296 time and place of the hearing and must contain the following language: “FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD”
(c) Hearing. In any civil contempt hearing, after the court makes an express finding that the alleged contemnor had notice of the motion and hearing:
(1) The court shall determine whether the movant has established that a prior order was entered and that the alleged contemnor has failed to comply with all or part of the prior order.
(2) If the court finds the movant has established all of the requirements in subdivision (c)(1) of this rule, the court must,
(A) if the alleged contemnor is present, determine whether the alleged contemnor had the present ability to comply with the prior court order; or
(B) if the alleged contemnor fails to appear, set a reasonable purge based on the circumstances of the parties.
The court may issue a writ of bodily attachment and direct that, upon execution of the writ of bodily attachment, the alleged contemnor be brought before the court within 48 hours for a hearing on whether the alleged' contemnor has the present ability to comply with the prior court order and, if so, whether the failure to comply is willful.
(d) Order and Sanctions. After hearing the testimony and evidence presented, the court must enter a written order granting or denying the motion for contempt.
(1) An order finding the alleged con-temnor to be in contempt must contain a finding that a prior order was entered, that the alleged contemnor has failed to comply with the prior court order, that the alleged contemnor had the present ability to comply, and that the alleged contemnor willfully failed to comply with the prior court order. The order must contain a recital of the facts on which these findings are based.
(2) If the court grants the motion for contempt, the court may impose appropriate sanctions to obtain compliance with the order including incarceration, attorneys’ fees and costs, compensatory or coercive fines, and any other coercive sanction or relief permitted by law provided the order includes a purge provision as set forth in subdivision (e) of this rule.
(e)Purge. If the court orders incarceration, a coercive fine, or any other coercive sanction for failure to comply with a prior order, the court must set conditions for purge of the contempt, based on the con-temnor’s present ability to comply. The court must include in its order a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding. The court may grant the contemnor a reasonable time to comply with the purge conditions. If the court orders incarceration but defers incarceration for more than 48 hours to allow the contemnor a reasonable time to comply with the purge conditions, and the contemnor fails to comply within the time provided, the movant must file an affidavit of noncompliance with the court. The court then may issue a writ of bodily attachment. Upon incarceration, the contemnor must be brought before the court within 48 hours for a determination of whether the contemnor continues to *297 have the present ability to comply with the purge.
(f) Review after Incarceration. Notwithstanding the provisions of this rule, at any time after a contemnor is incarcerated, the court on its own motion or motion of any party may review the contemnor’s present ability to comply with the purge and the duration of incarceration and modify any prior orders.
(g) Other Relief. When there is a failure to comply with a court order but the failure is not willful, nothing in this rule shall be construed as precluding the court from granting such relief as may be appropriate under the circumstances.
RULE ,8.340. DISPOSITION HEARINGS
(a) Information Available to Court.
At the disposition hearing, the court, after establishing compliance with the disposi-tional considerations, determinations, and discussions required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. It shattmust include written reports required by law, and may include, but shallis not be limited to, any psychiatric or psychological evaluations of the child or his or her parent, caregiver, or legal custodian that may be obtained and that are relevant and material. Such evidence may be received by the court and may be retted upon to the extent of its probative value, even though not competent in an adjudicatory hearing.
(b) Disclosure to Parties. All parties shall beare entitled to disclosure of all information in all reports submitted to the court.
(c) Orders of Disposition. The court shall in its written order of disposition include:
(1) the placement or custody of the child;
(2) special conditions of placement and visitation;
(3) evaluation, counseling, treatment activities, and other actions to be taken by the parties, whenif ordered;
(4) persons or entities responsible for supervising or monitoring services to the
(5) continuation or discharge of the guardian ad litem, whenas appropriate;
(56) date, time, and location for subsequent case reviewof next scheduled review hearing, as required by law;
(67) child support payments, if the child is in an out-of-home placement;
(78) if the child is placed in foster care, the reasons why the child was not placed in the legal custody of an adult relative, legal custodian, or other adult approved by the court and a further determination as to whether diligent efforts were made by the department to locate an adult relative, legal custodian, or other adult willing to care for the child instead of placement with the department;
(8) approval-of-the case plan or direction to amend the case plan within-30 days; and
(9) such other requirements as are deemed necessary to protect the health, safety, and well-being of the child, to preserve the stability of the child’s educational placement, and to promote family preservation or reunification whenever possible; and
(10) approval of the case plan as filed with the court. If the court does not approve the case plan at the disposition hearing, the court must set a hearing within 30 days after the disposition hearing to review and approve the case plan.
*298 Committee Notes
[No Change]
RULE 8.345. POST-DISPOSITION RELIEF
(a) [No Change]
(b) Motion for Termination of Supervision or Jurisdiction. Any party requesting termination of agency supervision or the jurisdiction of the court or both shall do so by written motion or in a written report to the court. The court shaümust hear all parties present and enter an order terminating supervision or terminating jurisdiction and supervision or continuing them as previously ordered. The court shall not terminate jurisdiction unless the child is returned to the parent and has been in the placement for at least 6 months, the child is adopted, or the child attains the age of 18, unless the court has extended jurisdiction.
RULE 8.347. MOTION TO SUPPLEMENT ORDER OF ADJUDICATION, DISPOSITION ORDER, AND CASE PLAN
(a) Motion. After the court has entered an order of adjudication of dependency, any party may file a motion for the court to supplement the order of adjudication with findings that a parent or legal custodian contributed to the dependency status of the child pursuant to the statutory definition of a dependent child. The motion may also request that the court supplement the disposition order and the case plan.
(b) Contents.
(1)The motion must identify the age, sex, and name of the children whose parent or legal custodian is the subject of the motion.
(2) The motion must specifically identify the parent or legal custodian who is the subject of the motion.
(3) The motion must allege sufficient facts showing that a parent or legal custodian contributed to the dependency status of the child pursuant to the statutory definition of a dependent child.
(c) Verification. The motion must be signed under oath, stating that the signer is filing the motion in good faith.
(d) Amendments. At any time prior to the conclusion of an evidentiary hearing on the motion, an amended motion may be filed or the motion may be amended by oral motion. A continuance may be granted on motion and a showing that the amendment prejudices or materially affects any party.
(e) Notice.
(1) In General. Parents or legal custodians who have previously been properly served with the dependency petition or who have previously appeared in the dependency proceeding shall be served with a notice of hearing and copies of the motion and the initial order of adjudication of dependency in the same manner as the service of documents that are filed after the service of the initial dependency petition as provided in these rules.
(2) Summons.
(A) Parents or legal custodians who have not been properly served with the dependency petition or who have not previously appeared in the dependency proceeding must be properly served with a summons and copies of the motion and the initial order of adjudication of dependency. The summons must require the person on whom it is served to appear for a preliminary hearing on the motion at a time and place specified, not less *299 than 72 hours after service of the summons.
(B) Upon the filing of the motion and upon request, the clerk shall issue a summons.
(C) The movant shall not be required to serve a summons on a parent or legal custodian who has previously been properly served with the dependency petition or who has appeared in the dependency proceeding.
(D) The summons shall be served in the same manner as service of a dependency petition as required by law.
(E) Service by publication of the motion shall not be required.
(F) If the location of the party to be served is unknown, the court may enter an order granting the motion only if the movant has properly served the person subject to the motion, the person subject to the motion has appeared in the proceeding, or the mov-ant has conducted a diligent search and filed with the court an affidavit of diligent search.
(G) Personal appearance of any person in a hearing before the court on the motion eliminates the requirement for serving process upon that person.
(f) Preliminary Hearing on Motion.
(1)The court must conduct a preliminary hearing and determine whether the parent or legal custodian who is the subject of the motion:
(A) has been properly served with the summons or notice, and with copies of the motion and initial order of adjudication of dependency;
(B) is represented by counsel or is entitled to appointed counsel as provided by law; and
(C)wishes to challenge the motion or consent to the court granting the motion.
(2) If the parent or legal custodian who is the subject of the motion wishes to challenge the motion or if the parent or legal custodian was properly served and fails to appear at the preliminary hearing, the court must schedule an evi-dentiary hearing on the motion within 30 days.
(3) If the parent or legal custodian who is the subject of the motion wishes to consent to the motion without admitting or denying the allegations of the motion, the court shall enter an order supplementing the initial order of adjudication of dependency based on the sworn allegations of the motion.
(g) Evidentiary Hearing.
(1) Hearing Procedures. The hearing shall be conducted in the same manner and with the same procedures as the adjudicatory hearing on the dependency petition as provided in these rules.
(2) Motion for Judgment Denying Motion. In all proceedings, if at the close of the evidence for the movant, the court is of the opinion that the evidence is insufficient to warrant findings that a parent or legal custodian contributed to the dependency status of the child pursuant to the statutory definition of a dependent child, it may, and on the motion of any party must, enter an order denying the motion for insufficiency of the evidence.
(3) Denial of Motion. If the court, at the conclusion of the evidence, finds that the allegations in the motion have not been sustained, the court shall enter an order denying the motion.
(4) Granting of the Motion. If the court finds that the movant has proven the allegations of the motion, the court *300 shall enter an order granting the motion as provided in these rules.
(h) Supplemental Order of Adjudication.
(1) If the parent or legal custodian consents to the motion and its allegations or if the court finds that the mov-ant has proven the allegations of the motion at an evidentiary hearing, the court shall enter a written order granting the motion and specifying facts that support findings that a parent or legal custodian contributed to the dependency status of the child pursuant to the statutory definition of a dependent child and stating whether the court made the finding by a preponderance of the evidence or by clear and convincing evidence.
(2) If necessary, the court shall schedule a supplemental disposition hearing within 15 days.
(3) The court shall advise the parent who is the subject of the motion that if the parent fails to substantially comply with the case plan, parental rights maybe terminated.
(4) If the child is in out-of-home placement, the court shall inquire of the parents whether the parents have relatives who might be considered as placement for the child. The parents shall provide to the court and to all parties the identity and location of the relatives.
(i) Supplemental Disposition Hearing.
(1) Hearing. If necessary, the court shall conduct a supplemental disposition hearing pursuant to the same procedures for a disposition hearing and case plan review hearing as provided by law.
(2) Supplemental Predisposition Study and Case Plan.
(A)A written case plan and a predisposition study prepared by an authorized agent of the department must be filed with the court, served upon the parents of the child, provided to the representative of the guardian ad litem program, if the program has been appointed, and provided to all other parties not less than 72 hours before the supplemental disposition hearing.
(B)The court may grant an exception to the requirement for a predisposition study by separate order or within the judge’s order of disposition upon a finding that all the family and child information required by law is available in other documents Sled with the court.
(3)Supplemental Order of Disposition. The court shall in its written supplemental order of disposition include:
(A) the placement or custody of the child;
(B) special conditions of placement and visitation;
(C) evaluation, counseling, treatment activities, and other actions to be taken by the parties, when ordered;
(D) the names of the supervising or monitoring agencies, and the continuation or discharge of the guardian ad litem, when appropriate;
(E) the date, time, and location for the next case review as required by law;
(F) child support payments, if the child is in an out-of-home placement;
(G) if the child is placed in foster care, the reasons why the child was not placed in the legal custody of an adult relative, legal custodian, or other adult approved by the court;
(H) approval of the case plan or direction to amend the case plan within 30 days; and
*301 (I) such other requirements as are deemed necessary to protect the health, safety, and well-being of the child.
RULE 8.350. PLACEMENT OF CHILD INTO RESIDENTIAL TREATMENT CENTER AFTER ADJUDICATION OF DEPENDENCY
(a) Placement.
(I)-(10) [No Change]
(II) Hearing on Placement.
(A) At the hearing, the court shall consider, at a minimum, all of the following:
(i) based on an independent assessment of the child, the recommendation of a department representative or authorized agent that the residential treatment or hospitalization is in the child’s best interest and a showing that the placement is the least restrictive available alternative;
(ii) the recommendation of the guardian ad litem;
(iii) a case review committee recom mendation--if-there has-been one;
(iviii) the written findings of the evaluation and suitability assessment prepared by a qualified evaluator; and
(viv) the views regarding placement in residential treatment that the child expresses to the court.
(B) All parties shall be permitted to present evidence and witnesses concerning the suitability of the placement.
(C) If the court determines that the child is not suitable for residential treatment, the court shall order the department to place the child in the least restrictive, setting that is best suited to meet the child’s needs.
(b)-(d) [No Change]
RULE 8.517. WITHDRAWAL AND APPOINTMENT OF COUNSEL
(a) Order Adjudicating Child Dependent or Terminating Parental Rights. After an order of adjudication of dependency, an order of disposition, or an order terminating parental rights has been entered, the counsel of record for a parent or legal custodian in a dependency proceeding or a parent in a termination of parental rights proceeding shall not be permitted to withdraw as counsel of record until the following have occurred:
(1) The attorney certifies that the attorney has discussed appellate remedies with the parent or legal custodian.
(A) The attorney certifies that after discussing appellate remedies with the parent or legal custodian, the parent or legal custodian does not want to appeal the order; or
(B) The attorney certifies that after discussing appellate remedies with the parent or legal custodian, the parent or legal custodian wants to appeal the order, and
(i) a notice of appeal containing the signatures of counsel and the parent or legal custodian has been filed;
(ii) directions to clerk, if necessary, have been filed;
(iii) a motion to transcribe the requisite proceedings has been filed; (iv) a designation to the court reporter specifying the proceedings that must be transcribed in order to obtain review of the issues on appeal and designating the parties to receive a copy of the transcripts has been filed; and
*302 (v) an order appointing appellate counsel, if any, has been entered.
Conformed copies of each of these documents shall be attached to the motion to withdraw.
(2) If the attorney has been unable to contact the parent or legal custodian regarding appellate remedies, the attorney certifies the efforts made to contact the parent or legal custodian.
(b) Service of Order Appointing Counsel. Following rendition of an order appointing appellate counsel, the court shall serve a copy of the order on the appointed appellate counsel and the clerk of the appellate court.
FORM 8.908. SUMMONS
SUM
STATE OF FLORIDA
TO...a child/children.and...parent(s)/custodian.:
A petition under oath has been filed in this court alleging the above-named .child/children.to be.under the laws of the State of Florida, a copy of which was attached hereto;
You are to appear before the Honorable.. Circuit Judge, at.m., on .(date)....., at the county courthouse of.County, at.. Florida for the hearing of this petition. The.parent(s)/custodian.is/are.required to produce the .....child/children.at that time and place unless the.child/children.is/are.in detention or shelter care at that time.
COMMENT: The following paragraph must be in bold. 14 nt. Times New Roman or Courier font.
If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact (name, address, telephone number)..... within two working days of yonr receipt- of-this-summonsat least 7 days before vour scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.
You may be held in contempt of court if you fail to appear.
WITNESS my hand and seal of this court at.County, Florida, on ..(date).
.... Clerk of Circuit Court ...County, Florida By:_, D.C.
*303 FORM 8.929. DETENTION ORDER DETENTION HEARING ORDER
Pick up order for absconding from:
home detention
probation
commitment
other:.
Present before the court: the child;
.(name).Assistant State Attorney;
.(name)., Assistant Public Defender/defense attorney;
.(name).. parent/legal guardian;
.(name).. DJJ juvenile probation officer;
.(name)., Department of Children and Family Services
.(name)., guardian ad litem
DJJ Supervision status:
None
Home detention
Probation
Committed to.level
. CINS/FINS
Conditional release
Other court involvement:
Dependency: Yes No Unknown
Domestic relations: .Yes .No Unknown
Domestic violence: .Yes .No Unknown
The court finds that the child was taken into custody at a.m./p.m„ on (date)....
Probable cause that the child committed delinquent acts was:
. found.
not found.
reset within 48 hours of custody.
Risk assessment instrument (RAI) score:.
Score amended to:.
Meets detention criteria.
IT IS ORDERED that the above-named child be:
released to the custody of .....(name).
held in secure detention for domestic violence charge under section 985.245, Florida Statutes.
The court finds:
respite care is not available for the child; and *304 it is necessary to place the child in secure detention to protect the victim from injury.
. detained by the Department of Juvenile Justice in home detention.
home detention with electronic monitoring,
secure detention.
with the following special conditions:
attend school regularly.
. attend evaluation as follows:
.- physical.
psychological.
. ADM.
other...
no (.harmful) contact with.(name).
drug testing.
. no drug and alcohol use.
other:.
,,... released from detention and returned to die child’s nonresidential commitment program.
Reasons for court ordering more restrictive placement than RAI score:.
It is FURTHER ORDERED that unless an adjudicatory hearing has begun or a subsequent modification order is entered, the child shall be released no later than 5:00 p.m. on .(date) to.(name(s)) who is/are.the parent(s).a relative foster care .program.him/her.,... self other......
IT IS FURTHER ORDERED under section 985.039, Florida Statutes
The parent/guardian of the child.(name).. shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $5 per day for each day the juvenile is in secure detention.
..... The parent/guardian of the child.(name)., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $1 per day for each day the child is in home detention.
The parent/guardian of the child, (name) , shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, a REDUCED rate of $. per day for each day the child is in detention status. This 8.965 reduced fee is based on the court’s finding
feat the parent/guardian was the victim of the delinquent act or violation of law for which the child is currently detained and is cooperating in theinvestigation of the offense; or
*305 of indigency or significant financial hardship. The facts supporting this finding are:.
The parent/guardian of the child, .....(name)...(address).. shall be liable for.% of the payment. The parent/guardian of the child.(name) , (address) shall be liable for.% of the payment.
The .....supervision fee/cost of care.is WAIVED based on the court’s finding
that the parent/guardian was the victim of the delinquent act or violation of law for which the child is currently detained and is cooperating in the investigation of the offense; or
of indigency or significant financial hardship. The facts supporting this finding are:.
If the child’s case is dismissed or if the child is found not guilty of the charges or court order, then the parent/guardian shall not be liable for fees under this order.
Unless modified by subsequent notice, the NEXT COURT APPEARANCE:
will be at.(time)..... on.(date).at.(location).
is to be set.
COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact__(name, address, telephone number)..... at least 7 davs before vour scheduled court appearance, or immediately noon receiving this notification if the time before the scheduled appearance is less than 7 davs. If you are hearing or voice impaired. call 711.
Note: The child’s parent/legal guardian shall advise Clerk’s Office and DJI of any address change.
Department of Juvenile Justice shall transfer the child to.Detention Center.
Other:.
DONE AND ORDERED in.County, Florida at.a.m./p,m. on .(date).
Circuit Judge
Copies to:
*306 FORM 8.947 DISPOSITION ORDER — DELINQUENCY DISPOSITION ORDER
A petition was filed on .....(date).. alleging.(name)...age, to be a delinquent child. The court finds that it has jurisdiction of the proceedings.
Present before the court were:
the child;
.(name).. Assistant State Attorney;
.(name)., Assistant Public Defender/defense attorney;
.(name)..guardian;
.(name).. DJJ juvenile probation officer.
At the hearing on.(date)., after.entry of a plea/an adjudicatory hearing., the child was found to have committed the delinquent acts listed below:
Count Count Count Count
Charge ...
Lesser ..
Maximum .. .
Degree ...
Guilty ... .. ..
Nolo contendere .
Nolle prosse ......
Adjudicated .
Adj. withheld ...
The predisposition report was.received and considered/waived by the child.
The court, having considered the evidence and comments offered by those present, having inquired, and being otherwise fully advised in the premises ORDERS THAT:
Adjudication of delinquency is withheld.
The child is adjudicated delinquent.
The child is committed to a..... licensed child caring agency.the Department of Juvenile Justice for placement in:
a minimum-risk nonresidential commitment program, far an indeterminate period, but no longer than the child’s 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first.
a.low- or.moderate-risk commitment program, for an indeterminate period, but no longer than the child’s 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first, because:
the child is before the court for disposition of a felony;
*307 . the child has previously been adjudicated for a felony offense;
. the child previously has been adjudicated or had adjudication withheld for three or more misdemeanor offenses;
. the child is before the court for disposition for a violation of sections 800.03, 806.031, or 828.12, Florida Statutes; or
..... the court Finds by a preponderance of the evidence that the protection of the public requires such placement or that the particular needs of the child would be best served by such placement. The facts supporting this finding are;
a high-risk commitment program for an indeterminate period, but no longer than the child’s 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first, because the child is before the court for disposition of a felony.
a maximum-risk commitment program, for an indeterminate period, but no longer than the child’s 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first, because the child meets the criteria in section 985.465 or 985.494, Florida Statutes.
The child is allowed.days credit for time spent in secure detention or incarceration before this date.
The child shall be placed on
. home detention ..... with/without.electronic monitoring until placement.
. secure detention until placement.
The court has orally pronounced its reasons for adjudicating and committing this child.
The court retains jurisdiction to accept or reject the discharge of this child from commitment, as provided by law.
The child is placed on post-commitment juvenile probation for an indefinite period not to exceed the child’s 19th birthday or the maximum term of imprisonment an adult could receive for each count fisted above, whichever comes first.
JUVENILE PROBATION: The child is.placed on/continued in.juvenile probation under supervision of.the Department of Juvenile Justice/ (name) and
the court having withheld adjudication of delinquency, for an indefinite period not to exceed the child’s 19th birthday.
*308 . the court having adjudicated the child delinquent, for an indefinite period not to exceed the child’s 19th birthday or the maximum term of imprisonment an adult could receive for each count listed above, except for a second degree misdemeanor, six months, whichever comes first.
DISMISS: The case is dismissed.
Disposition on each count is.concurremt/conecutive.
This case disposition is.concurrent/consecutive.... with case number.
GENERAL CONDITIONS OF JUVENILE PROBATION. The child shall abide by all of the following conditions:
1. The child shall obey all laws.
2. The child shall be employed full-time or attend school with no unexcused absences, suspensions, or disciplinary referrals.
3. The child shall not change or leave.his/her.... residence, school, or place of employment without the consent of.his/her.parents and juvenile probation officer.
4. The child shall answer truthfully all questions of.his/her.juvenile probation officer and carry out all instructions of the court and juvenile probation officer.
5. The child shall keep in contact with the juvenile probation officer in the manner prescribed by the juvenile probation officer.
6. The child shall not use or possess alcoholic beverages or controlled substances.
SPECIAL CONDITIONS OF JUVENILE PROBATION. The child shall abide by all of the conditions marked below:
Restitution is ordered. Parent and child are responsible,..... jointly and severally.
Amount is reserved.
$.to be paid to.(name).Payments shall begin.(date)..... and continue at the rate of $.each month.
The court retains jurisdiction under Chapter 985, Florida Statutes, to enforce its restitution order, regardless of the age of the child.
Community Service.hours are to be performed by the child at the rate of.hours per month. Written proof is to be provided to the juvenile probation officer.
A letter of apology to be written by the child to.(name).within.days. The letter must be a minimum of.words.
*309 A.word essay to be written by the child on .....{subject).... and provided to the juvenile probation officer within 30 days.
The child may have no.contact with victim(s),.(name(s)).
. A.mental health/substance abuse.evaluation to be completed by the child within. days. The child will attend and participate in every scheduled appointment and successfully attend and complete any and all recommended evaluations and treatment.
The parent(s).is/are.to complete counseling in.
A curfew is set for the child at.p.m. Sunday through Thursday and.p.m. Friday and Saturday.
The child’s driver’s license is.suspended/ revoked/withheld.for.(time period).
The child is to complete a,....detention/jail/ prison.... tour within...... days.
The child will be subject to random urinalysis.
The child will be electronically monitored.
The child will successfully complete all sanctions of the original juvenile probation order.
Other:...
The child must pay court costs of $.. as specified below.
GUN CHARGES
The court finds that one of the above charges involves the use or possession of a firearm and further ORDERS the following:
The child’s driver’s license is .....suspended/ revoked.for.1/2..... years.
The child is to serve.5/10.... days in the Juvenile Detention Center.
THE COURT FURTHER FINDS AND ORDERS:
. The child must:
. pay $.the Crime Compensation Trust Fund fee, under section 938.03. Florida Statutes:
. pay $.the Teen Court cost, under section 938.19. Florida Statutes (if authorized by county ordinance):
*310 . pav $.the Public Defender application fee, under section 27.52. Florida Statutes:
. pav $.the Public Defender attorney fee, under section 938.29. Florida Statutes:
. pav $.other costs, under sections').. Florida Statutes.
The child has been adjudicated delinquent and the child is required to pav $.an additional cost, under section 939.185. Florida Statutes, if authorized bv county ordinance.
The child has been adjudicated delinquent and assessed a fine and the child is required to pay $.to the Crime Prevention Trust Fund, under section 775.083121. Florida Statutes.
The child has committed an enumerated crime against a minor and the child is reouired to pav $.under section 938.10, Florida Statutes.
The child has violated Gchapter 794, Florida Statutes (sexual battery) or chapter 800 (lewdness: indecent exposure) and is ordered to make restitution to the Crimes Compensation Trust Fund under section 960.28(5), Florida Statutes, for the cost of the forensic physical examination.
The child.has been adjudicated delinquent/has entered a plea of no conlest/has entered a plea of guilty to ana felony or an enumerated misdemeanor, offense-under Cohapter 794 or-800, sections 782.Q4t-784-.045, 810.02,812.13¾ 812.135; -Florida-Statutes -or any other offense-specified in section 943.825; Florida Statute^ and the child is required to submit Weed-specimens under section 943.325, Florida Statutes.
Under section 985.039, Florida Statutes:
the parent/legal guardian,.(name)., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $5 per day for each day the child is in residential commitment.
the parent/legal guardian, (name) shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $1 per day for each day the child is on probation, nonresidential commitment, or conditional release.
the parent/legal guardian,.(name)., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, a REDUCED fee of $.per day for each day the child is in the custody of or supervised by the department. This reduced fee is based on the court’s finding:
that the parent/iegal guardian was the victim of the delinquent act or violation of law for which the child is currently before the court and is cooperating in the investigation of the offense.
*311 of indigency or significant financial hardship. The facts supporting this finding are:.
The cost of care/supervision fee is WAIVED based on the court’s finding:
that the parent/legal guardian was the victim of the delinquent act or violation of law for which the child is currently before the court and is cooperating in the investigation of the offense.
of indigency or significant financial hardship. The facts supporting this finding are:...
The parent/guardian, .(name)., .....(address)....., shall be liable for .% of the payment. The parent/guardian,.(name)...(address)., shall be liable for.% of the payment.
The child is placed on notice that the court may modify the conditions of his/her.... juvenile probation at any time and may revoke the juvenile probation if there is a violation of the conditions imposed.
The parties are advised that an appeal is allowed within 30 days of the date of this order.
DONE AND ORDERED in.(city).County, Florida on.(date).at..... a.m./p.m.
Circuit Judge
Copies to:
*312 FORM 8.952. FINDINGS FOR JUVENILE SEXUAL OFFENDER REGISTRATION
REQUIRED FINDINGS FOR JUVENILE SEXUAL OFFENDER REGISTRATION
The following findings are to be made for adjudications of delinquency made on or after July 1.2007. for committing, or attempting, soliciting, or conspiring to commit any of the following offenses, when the offender is 14 years of age or older at the time of the offense.
Check the appropriate charge and make the corresponding findings:
Date of the offense:. Offender’s age at date of offense:. Victim’s aae at date of offense:...
F.S. 794.011: Sexual Battery: Oral, anal, or vaginal penetration by, or union with, the sexual organ of another, or the anal or vaginal penetration of another bv any other object.
(Sexual offender registration is required if the offender is 14 years of age or older at the time of the offense.!
F.S. 800.40(4)(bl: Lewd or Lascivious Battery: Encouraging, forcing, or enticing any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality-prostitution. or any other act involving sexual activity.
(Sexual offender registration is required if the offender is 14 years of age or older at the time of the offense and at least one of the lines below is checked “Yes”!
Was the victim under the age of 12 at the time of the offense? Yes. No.
Did the sexual activity involve force or coercion? Yes. No.
. F.S. 800.04(51(dl; Lewd or Lascivious Molestation - Victim 12-15: Intentionally touching the breasts, genitals, genital area, buttocks, or the clothing covering them, of a person 12 years of age or older but less than 16 years of age, or forcing or enticing a person less than 16 years of age to so touch the perpetrator.
(Sexual offender registration is required if the offender is 14 years of age or older at the time of the offense and both boxes below are checked “Yes."I
Did the sexual activity involve unclothed genitals? Yes. No.
Did the sexual activity involve force or coercion? Yes. No.
F.S. 80Q.04(51(c): Lewd or Lascivious Molestation - Victim under 12: Intentionally touching the breasts, genitals, genital area, buttocks, or the clothing covering them, of a person less than 12 years of age, or forcing or enticing a person less than 12 years of age to so touch the perpetrator.
*313 (Sexual offender registration is required if the offender is 14 years of age or older at the time of the offense and the box below is checked “Yes.”')
Did the sexual activity involve unclothed genitals? Yes. No.
(Check one only)
SEXUAL OFFENDER REGISTRATION IS REQUIRED......
SEXUAL OFFENDER REGISTRATION IS NOT REQUIRED
DONE AND ORDERED ON.(date!.
Circuit Judge
*314 FORM 8.9S9. SUMMONS FOR DEPENDENCY ARRAIGNMENT SUMMONS AND NOTICE OF HEARING
STATE OF FLORIDA
TO:.(name and address of person being summoned).
.(Petitioner's name).has filed in this court a petition, alleging under oath that the above-named child(ren) is/are dependent under the laws of the State of Florida and requesting that a summons issue in due course requiring that you appear before this court to be dealt with according to law. A copy of the petition is attached to this summons.
You are to appear before this Court at (location of hearing) , at (time and date of hearing).
FAILURE TO PERSONALLY APPEAR AT THE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THIS CHILD (OR CHILDREN) AS A DEPENDENT CHILD (OR CHILDREN) AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN).
IF YOU FAIL TO APPEAR YOU MAY BE HELD IN CONTEMPT OF COURT.
COMMENT: The following paragraph must he in bold. 14 Pt. Times New Roman or Courier font.
If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, telephone number)..... within two working days of yonr receipt of this snmmeasat least 7 days before vour scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 davs. If you are hearing or voice impaired, call 711.
Witness my hand and seal of this court at.(city, county, and state)., on.(date).
CLERK OF COURT BY:_ DEPUTY CLERK
NOTIFICACIÓN Y CITACIÓN PARA LA AUDIENCIA
ESTADO DE LA FLORIDA
PARA:_ (Nombre y dirección de la persona a ser citada)
CONSIDERANDO, que_ (Nombre del(a) demandante)
ha interpuesto en este Juzgado una petición en la cual alega bajo juramente la dependencia *315 del(los) niflo(s) según las leyes del Estado de la Florida, adjuntándose copia de la misma, y está solicitando ia emisión oportuna de una citación para exigir su comparecencia ante este juzgado para tratar el asunto conforme a la ley.
POR LO TANTO, se le ordena comparecer ante este Juzgado en _a las_ (lugar de la audiencia) (hora y fecha de la audiencia)
SI USTED NO COMPARECE PERSONALMENTE A LA AUDIENCIA INCOATORIA, ESTO SIGNIFICARÁ QUE USTED ACCEDE A LA ADJUDICACIÓN DE DEPENDENCIA DE ESTE(OS) NIÑO(S) Y FINALMENTE, PODRÁ RESULTAR EN LA PERDIDA DE LA TUTELA DEL(OS) NIÑO(S).
SI USTED NO COMPARECE, SE LO PODRÁ JUZGAR EN DESACATO DEL TRIBUNAL.
De acuerdoeon la Ley de Americanos con Incapacidades del990 (ADA), los personas iticapaeítndns-quienesrpor sMS iBeapncidndcs, necesitan acomodos especiales para participaren esto proceso deben ponerse en contacto con un coordinador-de-ADA en el Minim nomos-tarde de Ü-dins lnborobles antes de tal proccso para recibir asistencia. El numero-para-el Servieio-de-Interpretadón de la Florida para Personas-Sordas es el 1800 9Sfi-877LSi usted es una persona con una discapacidad oue necesita cualquier tino de trato especial para participar en este procedimiento, usted tiene derecho, sin costa alguno para usted, para la presetación de asistencia determinadas. Póngase en contacto con .....(nombre, dirección, número de teléfono)..... por lo menos 7 dias antes la aparición en la corte programado, o {inmediatamente después de reciber esta notification, si el tiempo antes de la comparecencia prevista es inferiof a 7 dias. Si usted está ovendo o voz alterada. llame al 711.
Firmado y sigilado en este Juzgado en (ciudad, condado y estado)
el (fecha)
ESCRIBANO DEL TRIBUNAL FOR:_ ESCRIBANO DELEGADO
MANDA AK AVÉTISMAN POU YON CHITA TANDE
Leta Florid Pou: ....(non ak adrés pou moun yo voye manda-a).
kOm, tantiske,.(non pati ki fé demann-nan).... fé yon demann devan tribinal-la, epi li sentante timounnan (yo), swa dizan bezwen pwoteksyon leta dapre rég Iniwa nan Leta Florid, yon kopi enfomasyon sou ákizasyon-an kwoke nan lét sa-a. Yo mande pou yo sévi-w ak yon manda touswit, ki pou fose-w prezante devan tribinal la pou yo ka koresponn avék ou, dapre lalwa.
*316 A16, pou sa yo kómande-w pou prezante devan tribinal sa-a, ki nan., (adres tribinal-la) .. a.... (nan dat ak le, chita tande-a).
SI OU PA PREZANTE PESONELMAN NAN CHITA TANDE-A, POU YO KA AVF.TI-W AK AKIZASYON OFISYEL-LA, SA KA LAKÓZ YO DESIDE OU KONSANTI TIMOUN-NAN(Y O), BEZWEN PWOTEKSYON LET A, EPI LI KA LAKÓZ OU PEDI DWA-OU KÓM PARAN TIMOUN SA-A(YO).
SI OU PA PREZANTE, YO GEN DWA CHAJE-W, KÓMKWA OU MANKE TRIBINAL LA DEGA.
Iti poutfet andiknp yo nnrbcgwen de-nmnjman-spesyfll pon yo ka patisipe nan-deroulmaa yo, ffet-poo rantre-andanetakak koddinnte-ADA n nant,»rnvn«-pn pi take-no n4joa-trnvnyki vin an vnn derouimnn an pou yo lta resevwn-asistans;-Nimewo pou-Sfevis-Trndiksyon nan la FIorid-Bomnoun- hi soud se 77LS1 ou se von moun infirm, ki beswen 'ed on ki bewsen ke o akomode w pou ou patispe nan nwosedi sa vo. ou genven dwa. san ke ou pa neve, a setin ^ed. Silvoutole komtake .....(non, address, telephone).o mom 7 ion a van dat on genven rendevou pom ale nan tribunal, ou si le on resevwa avi a. genven monins ke 7 ion avan date endevou tribunal la. On si ou pa tande pale, rele nan nimerro sa 711.
Mwen siyen non mwen, epi mete so mwen, nan dokiman tribinal-la sa-a, kóm temwen, nan (vil, distrik, eta)...., nan.(dat).
GREFYE TRIBINAL-LA PA:_ Asistan Grefye Tribinal-la
*317 FORM 8.960. SHELTER PETITION
AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER
COMES NOW, the undersigned, who being first duly sworn says:
1. On (date) at.. a.m./p.m. the above named minor children) was/were found within the jurisdiction of this court.
. The children) was/were taken into custody by.
The children) need(s) to be taken into protective custody.
2. The name, age, and residence of this/these child(ren) is/are:
Name Birth date Sex Address
3.The name, relationship to the child(ren), and address of the child(ren)’s parents or other legal custodian(s) is/are: Name Relationship Address
4.The following individuals who were listed in #3 above have been notified in the following manner of the date, time, and location of this hearing:
Name Manner Notified
The following individuals who were listed in #3 above have not been notified of this hearing:
Name Reason
5. There is probable cause that the child(ren)
.a. has/have been abused, abandoned, or neglected or is/are in imminent danger of illness or injury as a result of abuse, abandonment, or neglect;
.b, was/were with a parent or legal custodian who has materially violated a condition of placement imposed by the court;
.c. has/have no parent, legal custodian, or responsible adult relative immediately known and available to provide supervision and care; because.
6. The provision of appropriate and available services will not eliminate the need for placement of the chitd(ren) in shelter care because:
*318 an emergency existed in which the chtld(ren) could not safely remain in the home; ta
the home situation presents a substantial and immediate danger to the children) which cannot be mitigated by the provision of preventive services; <3*
the child(ren) could not be protected in the home despite the provision of the following services and efforts made by the Department of Children and Family Services to prevent or eliminate the need for placement in shelter care;
The chi)d(ren) cannot safely remain at home because there are no preventive services that can ensure the safety of the child(ren).
7. The child(ren) is/are in need of and the petitioner requests the appointment of a guardian ad litem.
8. The petitioner requests that the parents, if able, be ordered to pay fees for the care, support, and maintenance of the children) as established by the department under chapter 39, Florida Statutes.
9. The petitioner requests that the parents be ordered to provide to the Department of Children and Family Services and the Department of Revenue financial information necessary to accurately calculate child support under section 61.30, Florida Statutes, within 28 days of this order.
10. This affidavit and petition is filed in good faith and under oath.
WHEREFORE, the affiant requests that this court order that this/these ehild(rcn) be placed in the custody of the department until further order of this court and that the place of such custody shall be:
..... at the discretion of the Department of Children and Family Services; at the home of a responsible adult relative,.... whose address is.
other.........
Moving Party .attorney’s name. .address and telephone number..... .....Florida Bar number.....
Verification
NOTICE TO PARENTS/GUARDIANS/LEGAL CUSTODIANS
A date and time for an arraignment hearing is normally set at this shelter hearing. If one is not set or if there are questions, you should contact the Juvenile Court Clerk’s office at ..A copy of the Petition for Dependency will be given to you or to your attorney, if you have one. A copy will also be available in the clerk’s office. You have a right to have an attorney represent you at this hearing and during the dependency proceedings and an attorney will be appointed for you if you request an attorney and the court finds that you are unable to afford an attorney.
*319 COMMENT: The following paragraph must be in bold. 14 pt. Times New Roman or Courier font.
If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, telephone number)..... within two working days of your reeeipt of thisnsuamoBsat least 7 days before vour scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.
FORM 8.961. SHELTER ORDER
ORDER FOR PLACEMENT IN SHELTER
THIS CAUSE came on to be heard under chapter 39, Florida Statutes, on the sworn AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER CARE filed by .(petitioner’s name).. on.(date).The following persons appeared before the court:
..... Petitioner..........
Petitioner’s attorney.
. Mother.....
Father(s).
Legal custodian(s).....
Guardian ad litem.....
GAL attorney...
Other:.....
and the Court having reviewed its file and having been otherwise duly advised in the premises finds as follows:
1. The minor child(ren),..., was/were found within the jurisdiction of this court and is/are of an age subject to the jurisdiction of this court.
2. PLACEMENT IN SHELTER.
The minor child(ren) was/were placed in shelter on.(date).at. a.m./p.m. by.(name)., a duly authorized agent of the department.
The minor chiid(ren) need(s) to be placed in shelter at the request of the petitioner for the reasons stated in this order.
3. PARENTS/CUSTODIANS. The parents/custodians of the minor child(ren) are:
Name Address
Mother: ..... ..
Father of.(child’s name).
Other:.(relationship and to which child).
4. INABILITY TO NOTIFY AND/OR LOCATE PARENTS/CUSTODIANS. The petitioner has made a good faith effort to notify and/or locate, but was unable to notify and/or locate (name(s))....., a parent or legal custodian of the minor children).
5. NOTIFICATION. Each parent/legal custodian not listed in #4 above was:
duly notified that the children) was/were taken into custody;
..... duly notified to be present at this hearing;
*320 served with a statement setting forth a summary of procedures involved in dependency cases;
advised of their right to counsel; and
was represented by counsel, .....(name).
knowingly, voluntarily, and intelligently waived the right; or
the court declined to accept the waiver because.
requested appointment of counsel, but the court declined appointment because he/she did not qualify as indigent.
. requested appointment of counsel and counsel was appointed.
6. PROBABLE CAUSE.
Based on the allegations in the Affidavit and Petition for Placement in Shelter, there is probable cause to believe that the children) is/are dependent based on allegations of abuse, abandonment, or neglect or substantial risk of same.
A finding of probable cause cannot be made at this time and the court requires additional information to determine the risk to the child(ren). The following information must be provided to the court during the continuation of this hearing: .(information to be provided)...... This hearing is continued for 72 hours, until .(date and time).The children will remain in shelter care.
7. NEED FOR PLACEMENT, Placement of the children) in shelter care is in the best interest of the child(ren). Continuation in the home is contrary to the welfare of the children) because the home situation presents a substantial and immediate danger which cannot be mitigated by the provision of preventive services and placement is necessary to protect the child(ren) as shown by the following facts;
the child(ren) was/were abused, abandoned, or neglected, or is/are suffering from or in imminent danger of injury or illness as a result of abuse, abandonment, or neglect, specifically:.
the custodian has materially violated a condition of placement imposed by the court, specifically:...
the child(ren) has/have no parent, legal custodian, or responsible adult relative immediately known and available to provide supervision and care, specifically:
8.REASONABLE EFFORTS.
Reasonable efforts to prevent or eliminate the need for removing the child(ren) from the home have been made by the department, which provided the following services to the family:.
The following specific services, if available, could prevent or eliminate the need for removal or continued removal of the child from the home
*321 The date these services are expected to be available is.
The department is deemed to have made reasonable efforts to prevent or eliminate the need for removal from the home because:
The first contact with the department occurred during an emergency.
The appraisal of the home situation by the department indicates a substantial and immediate danger to the child(ren) which cannot be mitigated by the provision of preventive services.
The child(ren) cannot safely remain at home because no services exist that can ensure the safety of the child(ren). Services are not available because
. Even with appropriate services, the child(ren)’s safety cannot be ensured.
9. RELATIVE PLACEMENT
. The court asked any parents present whether the parents have relatives that might be considered as a placement for the child(ren).
The court advised any parents present that the parents have a continuing duty to inform the department of any relative who should be considered for placement of the child.
By this order, the court notifies the relatives who are providing out-of-home care for the child(ren) of the right to attend all subsequent hearings, to submit reports to the court, and to speak to the court regarding the children), if they so desire.
It is, therefore, ORDERED AND ADJUDGED, as follows:
1. The child(ren) shall remain/be placed in the shelter custody of:
the department, with the department having the discretion to shelter the child(ren) with a relative or other responsible adult on completion of a positive homestudy, abuse registry, and criminal background checks.
Other:.
2. The children).may.may not be returned to the parent/custodian without further order of this court.
3.The Guardian Ad Litem Program is appointed.
*322 4. The parents, within 28 days of the date of this order, shall provide to the department the information necessary to accurately calculate child support under section 61.30, Florida Statutes. The parents shall pay child support in accordance with Florida Statutes.
5. The legal custodian, or in the absence of the legal custodian, the department and its agents, are hereby authorized to provide consent for and to obtain ordinary and necessary medical and dental treatment and examination for the above child(ren) including blood testing deemed medically appropriate, and necessary preventive care, including ordinary immunizations and tuberculin testing.
6. Visitation with the child(ren) shall be as follows:
7. The parents shall provide to the court and all parties identification and location information regarding potential relative placements.
8. The relatives who are providing out-of-home care for the children) have the right to attend all subsequent hearings, to submit reports to the court, and to speak to the court regarding the children), if they so desire
9. IF THE PARENTS FAIL TO SUBSTANTIALLY COMPLY WITH THE CASE PLAN, THEIR PARENTAL RIGHTS MAY BE TERMINATED AND THE CfflLD(REN)’S OUT-OF-HOME PLACEMENT MAY BECOME PERMANENT.
10. Special conditions:.
11. This court retains jurisdiction over this matter to enter any other and further orders as may be deemed to be in the best interest and welfare of this/these child(ren),
12. If a Petition for Dependency is subsequently filed in this cause, the Arraignment Hearing is scheduled for (date) , at.a.mip.m. at .....(location of arraignment)...... The parents have a right to be represented by an attorney at the arraignment hearing and during the dependency proceedings.
COMMENT: The following paragraph must be in bold. 14 pt. Times New Roman or Courier font.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to von, to the provision of certain assistance. Please contact .....(name, address, telephone number)..... at least 7 davs before vour scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired. call 711.
ORDERED in...County, Florida on.(date).at.a.m./p.m.
Circuit Judge
*323 FORM 8.963. INJUNCTION ORDER ORDER ON VERIFIED MOTION FOR CHAPTER 39 INJUNCTION
THIS CAUSE came before this court on.(date)....., pursuant to section 39.504, Florida Statutes. Present before the court were.(namc(s)).; and the court having reviewed the verified motion, heard testimony and argument, and being otherwise fully advised in the premises finds:
1. That this court has jurisdiction to issue an injunction in this cause.
2. The minor children subject to this request are:
Name Birth date
3.(Name and address of person(s) against whom injunction is requested).was noticed of the hearing on this motion on .date.
This injunction is being issued without notice because.(child(ren)’s name(s)).is/are in imminent danger, in that.(explain why there would be immediate and irreparable harm if the other party is given notice).
4. Reasonable cause for the issuance of an injunction.does.does not exist based on the following:...
5.(Name and address of person against whom injunction is requested) can be identified by the following:
Race:. Gender: Male.Female.
Date of Birth:..
Height:.Weight:.Eye Color:.
Hair Color:
Distinguishing marks and/or scars:.
Vehicle (make/model/year):.
Color:.
Tag Number:...
THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:
1. This court grants denies the motion for injunction.
2. Until.( ) (date) /( ) modified or dissolved by this court , Respondent, .(name) and address).shall:
*324 Refrain from further child abuse of the minor children) or exposure of the child(ren) to acts of domestic violence.
Participate in a specialized treatment program including.
Have limited contact with the children as follows:
Supervised visitation with the child(ren). The visitation shall be supervised at all times by the Department or an adult approved by the Department or the court. The visitation shall occur on a schedule agreed by the parties and at the Department’s office, a supervised visitation center, or another place agreed by the parties.
The frequency of the visitation shall be....
No contact with the child(ren) at home, school, work, or whereverthe children) may be found except as otherwise provided by this order.
. Other conditions.
Pay $.() weekly () biweekly () monthly temporary support for the { ) child(ren) () family members.
. Pay the costs of medical, psychiatric and psychological treatment for ( ) the children) ( ) family members incurred as a result of the offenses described in the verified motion.
Vacate the home in which.(child(ren)’s name(s)).resides(s) and not return until further order of the court.
OTHER CONDITIONS:.
3. Due to any domestic violence, the court hereby
Awards the exclusive use and possession of the dwelling,.(address).to the caregiver.(name).or excludes Respondent from the residence of the caregiver.
. Awards temporary custody of the child(ren) to the caregiver, ....(name).
4. This court retains jurisdiction over this cause to enter any further orders that may be deemed necessary for the best interest and welfare of the minor child(ren).
5. All prior orders not inconsistent with the present Order shall remain in full force and effect.
DONE AND ORDERED on.(date).
*325 Circuit Judge
Copies furnished to:
COMMENT: If injunction is issued ex parte, include the following:
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above styled cause on .....(date)»... at.. a.m./p.m., before.(judge).. at .....(location)..... or as soon thereafter as counsel can be heard.
COMMENT: The following paragraph must be in bold. 14 pt. Times New Roman or Courier font.
In accordnnee-with the Americans With Disabilities Aet¿ persons needing n-speelal accommodation-to-pnrtieipnte in this proceeding-should contact the-Qfflce-of-the Court Administrator no later thun -7-days-before-the-proeeeding-ut ....j(telcphonenumber)......If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number).at least 7 days before vour scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than ? days. If yon are hearing or voice impaired. call 711.
PLEASE BE GOVERNED ACCORDINGLY.
*326 FORM 8.964. DEPENDENCY PETITION PETITION FOR DEPENDENCY
COMES NOW, Petitioner,.(name)., by and through undersigned counsel, and petitions this court to adjudicate the above-named minor child(ren) to be dependent within the meaning and intent of chapter 39, Florida Statutes. As grounds, petitioner alleges the following:
1. This court has jurisdiction over the minor child(ren),.(name(s)).. a .(gender).child, whose date(s) of birth is/are.. and who, at the time the dependency arose, was/were in the custody of.(name(s)).
2. The natural mother of the minor children) is (name) a resident of .(state).. whose address is.
3. The father of the minor child(ren),.(name(s)).is.(name).. whose address is.The father.is.is not married to the mother, and.is.is not listed on the children)’s birth certificate(s). The mother filed a Sworn Statement About Identity or Location of Father with this court on.(date)., which named.as the father.
4. The UCCJEA Affidavit.is attached..... was filed with the Court on .(date).and is incorporated by reference.
5. The children) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the mother/father/parents/legal custodian/caregiver(s) abused, abandoned, or neglected the minor children) on or about.(date).by:.and that these activities and environments cause the children)’s physical, mental, or emotional health to be in danger of being significantly impaired.
OR
5. The above named child(ren) is/are presently under substantial risk or imminent threat of harm or abuse or neglect, within the meaning and intent of chapter 39, Florida Statutes, which is likely to cause the child(ren)’s physical health to be significantly impaired because
6. The department is unable to ensure the protection of the minor child(ren) without judicial intervention.
7. The mother/father/parents has/have received the following services:.
8. A shelter hearing was held on.(date)., and the child(ren) was/were placed in the custody of.
9. An arraignment hearing
needs to be scheduled,
is scheduled for.(date and time).
*327 10. A guardian ad litem
needs to be appointed.
was appointed at the shelter hearing to represent the child(ren).
11. Under chapter 39, Florida S tatutes, the clerk of the court is required to issue a summons to the following parents or custodians:
The natural mother,.(name).. whose address is.
The natural father,.(name)., whose address is.
.(Additional fathers and their addresses)...,..
WHEREFORE, the petitioner asks that process may issue in due course to bring the above-named parties before the court to be dealt with according to the law, to adjudicate the named minor children) named to be dependent.
.(Petitioner’s name).
....(Attorney’s name). .(address and telephone number). .Florida Bar number.....
Verification Certificate of service
NOTICE OF RIGHTS
PLEASE READ THIS PETITION BEFORE ENTERING THE COURTROOM.
YOU HAVE A RIGHT TO HAVE COUNSEL PRESENT AT THIS HEARING.
BY COPY OF THIS PETITION, THE PARENTS, CAREGIVERS, AND/OR LEGAL CUSTODIANS ARE NOTIFIED OF THEIR RIGHT TO HAVE LEGAL COUNSEL PRESENT FOR ANY PROCEEDING RESULTING FROM THIS
PETITION OR TO REQUEST THE COURT TO HAVE COUNSEL APPOINTED, IF INDIGENT.
Further, these persons are informed of the following;
An arraignment is set on this matter for__(date)._, at_a.in,/p.m., at .....(location)— The purpose of the arraignment is to advise as to the allegations contained in the Petition For Dependency. When your case is called, the Judge will ask you to enter a plea to this petition. The plea entered may be one of the following:
*328 1. Admit; This means you admit that the petition states the truth and you do not want a trial.
2. Consent: This means you neither admit nor deny the petition, but do not want a trial.
(If you enter either of the above two pleas, the court will set a disposition date for the matter. At disposition, the court will decide where the child will stay and under what conditions).
3. Deny: This means you deny the allegations of the petition and wish the state to attempt to prove them at a trial.
4. Continue: This means you wish time to confer with an attorney, before entering a plea. If you enter this plea, the court will schedule another hearing in approximately 2 weeks. At that time, another arraignment hearing will be held, and you (or your attorney) must enter one of the above three pleas.
COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.
In-accordance with-thc-A-mericans With Disabilities -Act-persons-needing a special accommodation to participate-in this-proceeding should contoct-the-offiee of the Court Administrator-ns-soon as possible» but no later than 7 doys-bcforc the proeeeding at irarcfphoae nnmberhum .If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact__(name, address, and telephone number).— at least 7 days before vour scheduled court appearance. or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If von are hearing or voice impaired, call 711.
*329 FORM 8.965. ARRAIGNMENT ORDER NOTICE OF NEXT HEARING
THIS CAUSE came to be heard on.(date)....., under chapter 39, Florida Statutes, on the Petition For Dependency filed by (name).for arraignment of .....(name(s)).The following persons appeared before the Court:
..(Name)....., Petitioner
.(Name)., Attorney for the petitioner
.(Name)., Attorney for the department
.(Name)., Department caseworker
.(Name)., Mother
.(Name)., Attorney for mother
.(Name).. Father of.(child).
. .....(Name)., Attorney for father
.(Name).. Guardian ad litem
.(Name)....., Attorney for guardian ad litem
.(Name)., Legal custodian
.(Name).. Attorney for legal custodian
.(Name).. Other.
The court having considered the Petition for Dependency and having heard testimony and argument, and having been otherwise duly advised in the premises finds:
1. This court has jurisdiction over the subject matter of this action; and
2. The mother,.(name).:
.was.was not noticed of this hearing;
did not appear, and the court:
entered a consent by default
did not enter a consent by default;
.appeared with counsel.appeared without counsel and:
was.was not advised of her right to legal counsel; knowingly, intelligently, and voluntarily,.waived.did not waive her right to legal counsel; and
was.was not determined to qualify as indigent and.was.was not appointed an attorney.
.was served with a petition for dependency and entered a plea of:.Admit.Deny, .Consent,.No Plea,.Continuance
The Petitioner
will continue a diligent search and will attempt service.
*330 . has conducted an adequate diligent search and is excused from further diligent search and further attempts at service.
3. The father,.(name).:
.was.was not noticed of this hearing;
.did not appear, and the court:
..... entered a consent by default
.did not enter a consent by default;
.appeared with counsel.appeared without counsel and:
.was.was not advised of his right to legal counsel;
.knowingly, intelligently, and voluntarily.waived..... did not waive his right to legal cotinsel; and
.was.was not determined qualify as indigent and.was..... was not appointed an attorney.
.was served with a petition for dependency, and entered a plea of:.Admit. Deny,.Consent,.No Plea,.Continuance
..... The Petitioner
..... will continue a diligent search and will attempt service.
..... has conducted an adequate diligent search and is excused from further diligent search and further attempts at service.
4. That the child(ren)’ s current placement in shelter care:
is no longer appropriate, and the child(ren) shall be returned to.
is appropriate, in that the child(ren) is/are in a setting which is as family-like as possible, consistent with the child(ren)’s best interest and special needs and, that returning the child(ren) to the home would be contrary to the best interest of the minor child(ren); and, that every reasonable effort has been made to eliminate the need for placement of the children) in shelter care, but present circumstances of the children) and the family are such that shelter care is the only way to ensure the children)’s health, safety, and well-being.
5. Additional findings:.
THEREFORE, based on the foregoing findings of fact, it is hereby ORDERED and ADJUDGED that:
1. The minor child{ren) shall
be.returned to.remain in the care and custody of.(name).
*331 remain in the care and custody of the department in shelter care pending adjudication and disposition or until further order of this court.
2. The children): is/are is/are not adjudicated dependent at this hearing.
3. ..... Mediation A case planning conference is/are ordered at this time and shall be conducted on.(date)......, at.a.tn./p.m., at.(location)..All parties, unless otherwise specified, shall attend.
4. As to the mother.(name).. the court:
Accepts the plea of:.Admit,.Deny.Consent,.Continuance.
.Appoints.Does not appoint an attorney.
Sets a hearing for.re-arraignment.adjudicatory trial.disposition and case plan hearing.trial status on.(date).at.a.m./p.m.
5. As to the father,.(name)., the court:
Accepts the plea of:..... Admit,.Deny,.Consent,.Continuance.
.Appoints.Does not appoint an attorney.
Sets a hearing for re-arraignment.adjudicatory trial..... disposition and case plan hearing.trial status on.(date).at.a.m./p.m.
6. All prior orders not inconsistent with the present order shall remain in full force and effect.
DONE AND ORDERED on.(date).
Circuit Judge
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above-styled cause on .(date)..... at.......... a.mJp.m., before .....(judge)»..., at .....(location).or as soon thereafter as counsel can be heard.
COMMENT: The following paragraph must be in bold. 14 nt. Times New Roman or Courier font.
accommodation to partieipnte in- this proceeding-should contact
the Office of the Court Administrator no Inter thnn-ff dnys before the-proceeding at i»..(telephone number)».™ If vou are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to von, to the provision of certain assistance. Please contact ..«.(name, address, and telephone *332 number)._at least 7 days before vour scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, caii 711.
PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
FORM 8.966. ADJUDICATION ORDER — DEPENDENCY ORDER OF ADJUDICATION
THIS CAUSE came before this court on.(date).. under chapter 39, Florida Statutes, for adjudication of the Petition for Dependency filed by (petitioner’s name).Present before the court were
.(Name)...,,, Petitioner
.(Name).Attorney for the petitioner
.(Name)., Attorney for the department
.(Name).. Department caseworker
.(Name).. Mother
.(Name).Attorney for mother
.(Name).Father of.(child).
.(Name)., Attorney for father
.(Name).. Guardian ad iitem
.(Name).Attorney for guardian ad litem
.(Name).Legal custodian
.(Name).Attorney for legal custodian
.CNamefs)).. Minor child(ren)
. .....(Name).Attorney ad litem for minor children)
.(Name).Other.
The court having heard testimony and argument and being otherwise fully advised in the premises finds:
1. That the minor children) who is/are the subject matter of these proceedings, is/are dependent within the meaning and intent of chapter 39, Florida Statutes, and is/are (a) residents) of the State of Florida.
2. The mother,.(name).:
.was was not noticed of this hearing;
.did not appear, and the court:
.entered a Consent for failure to appear after proper notice.
..... did not enter a Consent for failure to appear after proper notice.
.appeared with counsel;
.appeared without counsel and:
.was.was not advised of her right to legal counsel,
.knowingly, intelligently, and voluntarily waived.did not waive her right to legal counsel and
*333 .was..... was not determined to qualify as indigent and.was.was not appointed an attorney.
3.The father,.(name).:
.was.was not noticed of this hearing;
.did not appear, and the court:
.entered a Consent for failure to appear after proper notice.
.did not enter a Consent for failure to appear after proper notice.
.appeared with counsel;
.appeared without counsel and:
.was was not advised of his right to legal counsel,
.knowingly, intelligently, and voluntarily waived.did not waive his right to legal counsel and
.was.was not determined to qualify as indigent and.was.was not appointed an attorney.
4. That the child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the mother, ....(name).. abused, neglected, or abandoned the minor children) by...These facts were proven by.preponderance of die evidence .clear and convincing evidence.
5. That the children) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the father,.(name).. abused, neglected, or abandoned the minor child(ren) by.„..., These facts were proven by..... preponderance of the evidence. clear and convincing evidence.
COMMENT: Use 6,7, and 8 only if the child is in out-of-home placement.
6. That the Court finds that it is in the best interest of the children) to remain in out-of-home care.
7. That every reasonable effort was made to eliminate the need for placement of the child(ren) in out-of-home care but the present circumstances of the children) and the.mother .father are such that out-of-home care is the only way to ensure the health, safety, and well being of the children), in that.
8. That the child(ren)’s placement in.(type of placement)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)’s best interests and special needs.
*334 9. That returning the minor ehild(ren) to the custody of (person who had previous legal custody).would be contrary to the best interest and welfare of the minor child(ren).
10. The Court inquired of any parents present whether they have relatives who might be considered for placement of the child(ren).
THEREFORE, based upon the foregoing findings, it is ORDERED AND ADJUDGED that:
1. The minor child(ren),.(name(s)).is/are adjudicated dependent.
2. The children) shall remain in the care and custody of
the department in shelter care
..... other.(name).
pending disposition.
3. The parents shall provide to the Court and all parties identification and location information regarding potential relative placements.
4. THE COURT ADVISED THE PARENTS THAT IF THE PARENTS FAIL TO SUBSTANTIALLY COMPLY WITH THE CASE PLAN THEIR PARENTAL RIGHTS MAY BE TERMINATED AND THE CHILD(REN)’S OUT-OF-HOME PLACEMENT MAY BECOME PERMANENT.
5. This court shall retain jurisdiction over this cause to enter any such further orders that may be deemed necessary for the best interest and welfare of the minor chiid(ren).
6. All prior orders not inconsistent with the present order shall remain in full force and effect.
7. Disposition is scheduled for (date) , at a.m./p.m.
DONE AND ORDERED on.date.at.(city)., Florida.
Circuit Judge
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above styled cause on .(date).at.a.mjp.m., before —.(judge)....., at_(location)-..., or as soon thereafter as counsel can be heard.
COMMENT: The following paragraph must be in bold. 14 pt. Times New Roman or Courier font.
In aecordanee-with the Americans-With Disabilities Aet; persons needing-u-speeinl *335 Administrntornolater4hm> 7 days beforethe proceeding at ¿.^(telephone-number)». H«If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number).at least 7 days before vour scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired. call 711.
PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
*336 FORM 8.967. ORDER OF DISPOSITION, ACCEPTANCE OF CASE PLAN, AND NOTICE OF HEARING
ORDER OF DISPOSITION, ACCEPTANCE OF CASE PLAN, AND NOTICE OF HEARING
THIS CAUSE came before this court on.(date)...,., under chapter 39, Florida Statutes, for disposition of the Petition for Dependency and acceptance of the Case Plan filed by the Department of Children and Family Services.
The following persons appeared before the court:
.(Name).. Petitioner
.(Name).. Attorney for the petitioner
.(Name).. Attorney for the department
.(Name)., Department caseworker
.(Name)., Mother
.(Name).. Attorney for mother
.(Name).. Father of ....(child).
.(Name).Attorney for father
.(Name).Guardian ad litem
.(Name).Attorney for guardian ad litem
..(Name).Legal custodian
.(Name).. Attorney for legal custodian
.(Name)., Other:.
The court having considered the Predisposition Study and Case Plan filed by the department and having heard testimony and argument and being otherwise fully advised in the premises finds that:
1. The minor child(ren) who is/are the subject matter of these proceedings, was/were adjudicated dependent within the meaning and intent of chapter 39, Florida Statutes, continue to be dependent, and is/are residents of the State of Florida.
2. The minor child(ren) is/are of an age subject to the jurisdiction of this Court.
3. The following parties were notified of this hearing and provided a copy of the Case Plan and Predisposition Report filed in this cause:
.....(Name).. Petitioner
.(Name).. Attorney for the petitioner
.(Name).Attorney for the department
.(Name).. Department caseworker
..... .....(Name)....., Mother
.(Name)., Attorney for mother
.(Name)., Father of ....(child).
.(Name).. Attorney for father
..(Name)....., Guardian ad litem
.(Name)., Attorney for guardian ad litem
.(Name).Other:...
*337 4. The mother, .....(name) :
.did not appear and.was .... was not represented by legal counsel;
.appeared.with.without legal counsel and.was.was not advised of her right to legal counsel;
.... knowingly, intelligently, and voluntarily waived.did not waive her right to legal counsel; and
. was . was not determined to qualify as indigent and ..... was . was not appointed an attorney.
5. The father, (name) :
.did not appear and.was.... was not represented by legal counsel;
.appeared.with.without legal counsel and.was.was not advised of his right to legal counsel;
.knowingly, intelligently, and voluntarily waived.did not waive his right to legal counsel; and
.was ..... was not determined to qualify as indigent and.was.was not appointed an attorney.
6. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan:.(names of persons notified).
7. The department filed a predisposition study with the court on.(date).This predisposition study.is.is not in compliance with the statutory requirements.
8. The department filed a case plan with the court on.(date).
a. The terms of the case plan.are.are not consistent with the requirements of the law and previous orders of this court.
b. The case plan.is.is not meaningful and designed to address the facts and circumstances on which the court based the finding of dependency.
c. The case plan.is ..... is not in the best interest of the minor children).
d. The case plan’s stated goal of..is.is not a reasonable goal.
*338 e. The parents.have ..... do not have the ability to comply with the terms of the case plan.
9. There is a need for temporary child support from .....(noncustodial parent(s)). and that he/she/they.has/have.do/docs not have the ability to pay child support,
COMMENT: Use 10,11 & 12 if children) is/are not placed in the home of a parent.
10. It is in the best interest of the minor child(ren) to be placed in the care and custody of.(placement ordered).
11. Placement of the minor children) in the care and custody of.(placement ordered).is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)’s best interests and special needs.
12. Return of the minor child(ren) to the custody of.(person from whom chiid(ren) was/were originally removed).... would be contrary to the best interest and welfare of the minor child(ren). The child(rcn) cannot safely..... remain..... return home with services and removal of the children) is necessary to protect the child(ren), in that.
13. Prevention or reunification services.were not.were indicated and are as listed:.(services indicated).. Further efforts could not have shortened separation of this family because:..
COMMENT: Use 14 if the goal of the case pian is reunification.
14. Reasonable efforts to prevent or eliminate the need for removal of the child(ren) have been made by the department, which provided the following services:
COMMENT: Use 15 if child(ren) remain(s) or is/are returned to the parent(s).
15.The child(ren) can safely.remain with.be returned to.(parent(s)’s name(s)).as long as he/she/they comply(ies) with the following:
THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:
Í. The minor ehild(ren),.(name(s)).be placed in the custody of.(name)., under supervision of the department.
2. The predisposition study report filed by the department is:
not accepted and a continuance was requested.
*339 .accepted by the court.
.accepted by the court with the following amendments:
3. The case plan filed by the department is:
.not accepted and a continuance is granted for 30 days or less.
.accepted by the court.
.accepted by the court with the following amendments:...
4. All parties are ordered to comply with the provisions of the case plan and any amendments made to it.
COMMENT: Use 5,6 & 7 if child(ren) is/are placed outside the home.
.5. The mother,.(name).. shall pay child support in the amount of $.by the .(day).of each month to.(where money is to be paid).beginning on.(date).and continuing until such time as payments begin to be deducted by income deduction order. All child support payments shall be paid to the Clerk of the Circuit Court designated to receive child support payments.
.6. The father,.(name).. shall pay child support in the amount of $.. by the .(day).of each month to.(where money is to be paid).. beginning on.(date).and continuing until such time as payments begin to be deducted by income deduction order. All child support payments shall be paid to the Clerk of the Circuit Court designated to receive child support payments.
.7. The legal custodian shall have the right to authorize for the children) any emergency medical treatment and any ordinary and necessary medical and dental examinations and treatment, including blood testing, preventive care including ordinary immunizations, tuberculin testing, and well-child care, but not including nonemergency surgery, general anesthesia, provision of psychotropic medications, or other extraordinary procedures for which a separate order or informed consent as provided by law is required.
8. Other:...
9. All prior orders not inconsistent with the present order shall remain in full force and effect.
10. This court shall retain jurisdiction over this cause to enter any such further orders that may be deemed necessary for the best interest and welfare of the minor child(ren).
11. This matter is scheduled for Judicial Review on.(date).at.(time)..
DONE AND ORDERED in.... Florida, on.(date)..
*340 Circuit Judge
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above-styled cause on _(date)...., at..... a.m Jp.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.
COMMENT: The following paragraph must be in bold. 14 pt. Times New Roman or Courier font.
accommodation-to participate in-tfais-proceeding should- contact the Office of the Court Ariministrator-nnlntcr-thnn 7 days before-thc proceeding at —(telephone number)..— If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number).— at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired. call 711.
PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
*341 FORM 8.970. ORDER ON JUDICIAL REVIEW
ORDER ON JUDICIAL REVIEW AND NOTICE OF NEXT HEARING
THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by vtttt the Department of Children and Family Services in this cause under chapter 39, Florida Statutes.
The following persons appeared before the court:
.(Name)., Petitioner
.(Name).. Attorney for the petitioner
.(Name)., Attorney for the department
.(Name).. Department caseworker
.(Name)., Mother
.(Name).. Attorney for mother
.(Name)., Father of.(child).
.(Name)., Attorney for father
.(Name).. Guardian ad litem
.(Name).Attorney for guardian ad litem
..(Name).. Legal custodian
.(Name).Attorney for legal custodian
.(Name).. The child
.(Name)., Attomey/Attomey ad litem for the child
.(Name)., Other.
and the court having considered:
Judicial Review Social Study Report filed by the Department;
Statement/homestudy filed by the Department;
..... Report of the Guardian Ad Litem;
Case plan filed by the Department;
Statement by the Child’s Caretaker;
Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;
Other:.
AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:
1. That the minor children) who is/are the subject matter of these proceedings was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are residents) of the state of Florida.
2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:
.(Name).. Petitioner
.(Name)., Attorney for the petitioner
.(Name).. Attorney for the department
*342 .(Name)., Department caseworker
.....(Name).. Mother
.(Name).. Attorney for mother
.(Name).. Father of .....(child).
...(Name)....., Attorney for father
.(Name).. Guardian ad litem
.(Name).. Attorney for guardian ad litem
.(Name).. Legal custodian
.(Name).. Attorney for legal custodian
.(Name).. Other:.
3. The mother, (name) :
did not appear and.was.was not represented by legal counsel;
. appeared.with.without legal counsel and.was.was not advised of her right to legal counsel;
knowingly, intelligently, and voluntarily waived did not waive her right to legal counsel; and
.was.was not determined to qualify as indigent and
.was.was not appointed an attorney.
4. The father, .....(name) :
did not appear and.was ....was not represented by legal counsel;
appeared.with.without legal counsel and.was ..... was not advised of his right to legal counsel;
knowingly, intelligently, and voluntarily.waived.did not waive his right to legal counsel; and
.was.was not determined to qualify as indigent and
.was.was not appointed an attorney.
COMMENT: Repeat above for each father.
5. The department filed a judicial review report with the court on.(date).This judicial review report.is.is not in compliance with the statutory requirements.
6. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan:.(names of those notified).
*343 7. The mother has complied with the following tasks in the case plan:.(list tasks complied with).
8. The mother has not complied with the following tasks in the case plan:.(list tasks not complied with).
9. The father,.(father’s name).has complied with the following tasks in the . case plan:.(list tasks complied with).
10. The father, .....(father’s name)....., has not complied with the following tasks in the case plan:.(list tasks not complied with).
11. The mother.has.has not complied with court ordered visitation as follows: .(explanation of visitation compliance).
12. The father, .....(father's name). has has not complied with court ordered visitation as follows:.(explanation of visitation compliance).
13. The department.has.has not complied with court ordered visitation as follows:.(explanation of visitation compliance).
14. The mother.has.has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance).
15. The father,.(father’s name). has has not complied with court ordered financial support for the child as follows: (explanation of financial compliance).
16. The mother.has.has not complied with court ordered meetings with the department as follows:.(explanation of meetings compliance).
17. The father,.(father’s name).has has not complied with court ordered meetings with the department as follows: (explanation of meetings compliance).
18. The department.has.has not complied with court ordered meetings with the parents as follows:.(explanation of meetings compliance).
COMMENT: Use 19,20,21,22, & 23 if child(ren) is/are not placed in the home of a parent.
.19. It is in the best interest of the minor child(ren) to be placed in the care and custody of.(placement ordered).
.20. Placement of the minor child(ren) in the care and custody of.(placement ordered).is in a setting which is as family like and as close to the home as possible, consistent with the cbild(ren)’s best interests and special needs.
.21. Return of the minor child(ren) to the custody of.(person(s) from whom children) was/were originally removed) would be contrary to the best interest and welfare of the minor children). The child(ren) cannot safely.remain.return home with services and *344 removal of the child(ren) is necessary to protect the child(ren).
.22. Prevention or reunification services.were not.were indicated and are as follows:.(services indicated)...... Further efforts could not have shortened separation of this family because.
.23. The likelihood of the children’s reunification with the parent or legal custodian within 12 months is.
COMMENT: Use 24 if children) remain(s) or is/are returned to the parent(s).
.24. The child(ren) can safely.remain with.be returned to.(parent(’s)(s’) name(s)).as long as he/she/they comply(ies) with the following:...... The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(rcn) to.remain.return home.
THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:
1. The minor child(ren),.(name(s)).. be placed in the custody of.(name).. under supervision of the department.
2. The judicial review report filed by the department is:
not accepted and a continuance was requested,
accepted by the court.
.3. The court finds that it is not likely that the children) will be reunified with the parent or legal custodian within 12 months after the child was removed from the home. The department shall file a motion within 10 days of receipt of this written order to amend the case plan to incorporate concurrent planning into the case plan.
4. The court inquired of any parents present whether they have relatives who might be considered for placement of the children.
5. Other:.
6. All prior orders not inconsistent with the present order shall remain in full force and effect.
7. This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor children).
8. This matter is scheduled for Judicial Review on.(date).at .....(time).,....
DONE AND ORDERED in.Florida, on.(date).
*345 Circuit Judge
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above-styled cause on _.(date)..... at..... a.m^p.m., before .....(judge)....., at.(location)....., or as soon thereafter as counsel can be heard.
COMMENT; The following paragraph must be in bold. 14 pt. Times New Roman or Courier font.
In accordance with the Americans With Disabilities Act; persons needing a special accommodation to participate in this proceeding should contact the Office ofthe Court Administrator no later than-7 days-before the proceeding at nwjtelephene number)....,ijf you are a person with a disability who needs anv accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before vour scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If vou are hearing or voice impaired, call 711.
PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
*346 FORM 8.973. ORDER ON JUDICIAL REVIEW FOR CHILD AGE 17 OR OLDER
ORDER ON JUDICIAL REVIEW FOR CHILD OVER AGE 17 AND NOTICE OF NEXT HEARING
THIS CAUSE came on to be heard on (date) for Judicial Review on the report filed by the Department of Children and Family Services in this cause under chapter 39, Florida Statutes.
The following persons appeared before the court:
.(Name)., Child
.(Name)., Attomey/Attomey ad Litem for the Child
..(Name).. Petitioner
..(Name).. Attorney for the petitioner
.(Name)....., Attorney for the department
.(Name)., Department caseworker
.(Name).Mother
.(Name).. Attorney for mother
...(Name).. Father of .....(child)...,.
.(Name)., Attorney for father
.(Name).. Guardian ad litem
.(Name).. Attorney for guardian ad litem
.(Name).. Legal custodian
.(Name)., Attorney for legal custodian
.(Name).. Other:.
and the court having considered:
Judicial Review Social Study Report filed by the Department;
..... If the child has reached the age of 17, written verification that the child;
Has been provided with a current Medicaid card and has been provided all necessary information concerning the Medicaid program;
. Has been provided with a certified copy of his or her birth certificate;
Has a valid Florida driver’s license or has been provided with a Florida identification card;
Has been provided information relating to Social Security Insurance benefits, if the child is believed to be eligible;
Has received a full accounting if there is a Master Trust for the child;
. Has been provided with information and training related to budgeting, interviewing, and parenting skills;
..... Has been provided with information related to the Road-to-lndependence Scholarship, including applications forms;
Has been informed that if he or she is eligible for the Road-to-lndependence Scholarship program, he or she may reside with the licensed foster family or group care provider with whom the child was residing at the time of attaining his or her 18th birthday or may reside in another licensed foster home or with a group care provider arranged by the department;
. Has an open bank account and has been provided with banking skills;
*347 Has been provided widi information on public assistance and how to apply;
Has been provided a clear understanding of where he or she will be living on his or her 18th birthday, how living expenses will be paid, and what educational program the child will be enrolled in;
Has been provided with notice of his or her right to petition for the court’s continuing jurisdiction for one year after his or her 18th birthday, and with information on how to obtain access to the court; and
Has been encouraged to attend all judicial review hearings occurring after his or her 17th birthday.
Statement/homestudy filed by the Department;
Report of the Guardian Ad Litem;
A case plan, dated.., filed by the Department that includes information related to independent living services that have been provided since the child’s 13th birthday or since the date the child came into foster care, whichever came later;
Statement by the child’s caretaker;
Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;
Other:.
AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:
1.That the minor children) who is/are the subject matter of these proceedings was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are resident(s) of the state of Florida.
2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:
.(Name). Child
.(Name) Attorney/Attorney ad Litem for the Child
.(Name)., Petitioner
.(Name).. Attorney for the petitioner
.(Name)., Attorney for the department
.(Name).. Department caseworker
.(Name)., Mother
.(Name)., Attorney for mother
.(Name).. Father of.(child).
.(Name)., Attorney for father
.(Name). Guardian ad litem
.(Name). Attorney for guardian ad litem
.(Name).Legal custodian
.(Name)., Attorney for legal custodian
.(Name).Other...
3.The child has been given the opportunity to address the court with any information relevant to the child’s best interests.
*348 4. The mother, (name) :
.did not appear and.was.was not represented by legal counsel;
.appeared.with.without legal counsel and..... was.was not advised of her right to legal counsel;
knowingly, intelligently, and voluntarily.waived.did not waive her right to legal counsel; and
.was.was not determined to qualify as indigent and
.was..... was not appointed an attorney.
5. The father, (name) :
.did not appear and.was ....was not represented by legal counsel;
.appeared.with.without legal counsel and.was.was not advised of his right to legal counsel;
knowingly, intelligently, and voluntarily.waived.did not waive his right to legal counsel; and
.was..... was not determined to qualify as indigent and
.was.was not appointed an attorney.
COMMENT: Repeat above for each father.
6. The department filed a judicial review report with the court on.(date).This judicial review report.is.is not in compliance with the statutory requirements.
7. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan:.(names of those notified).
B. The mother has complied with the following tasks in the case plan: (list tasks complied with)......
9. The mother has not complied with the following tasks in the case plan; .....(list tasks not complied with).
10. The father,.(father's name).. has complied with the following tasks in the case plan:.(list tasks complied with).
11. The father, (father’s name) , has not complied with the following tasks in the case plan: .....(list tasks not complied with).
*349 12. The mother.has.has not complied with court ordered visitation as follows: .(explanation of visitation compliance).
13. The father.(father’s name)...has.has not complied with court ordered visitation as follows:.(explanation of visitation compliance).
14. The department.has.has not complied with court ordered visitation as follows:.(explanation of visitation compliance).
15. The mother.has.has not complied with court ordered financial support for the child as follows: ....(explanation of financial compliance).
16. The father,.(father’s name).has has not complied with court ordered financial support for the child as follows: (explanation of financial compliance).
17. The mother.has.has not complied with court ordered meetings with the department as follows:.(explanation of meetings compliance).
18. The father,.(father’s name)...has.has not complied with court ordered meetings with the department as follows: (explanation of meetings compliance).
19. The department.has.has not complied with court ordered meetings with the parents as follows:.(explanation of meetings compliance).
COMMENT: Use 20,21,22 & 23 if child(ren) is/are not placed in the home of a parent.
. 20. It is in the best interest of the minor children) to be placed in the care and custody of.(placement ordered).
. 21. Placement of the minor child(ren) in the care and custody of.(placement ordered).is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)’s best interests and special needs.
. 22. Return of the minor children) to the custody of.(person(s) from whom children) was/were originally removed).would be contrary to the best interest and welfare of the minor chitd(ren). The child(ren) cannot safely.remain. return home with services and removal of the child(ren) is necessary to protect the child(ren).
. 23. Prevention or reunification services.were not.were indicated and are as follows:.(services indicated).Further efforts could not have shortened separation of this family because.
COMMENT: Use 24 if children) remain(s) or is/are returned to the parent(s).
. 24. The child(ren) can safely.remain with.be relumed to.(parent(’s)(s’) name(s)).as long as he/she/they comply(ies) with the following:.The safety, well-being, and physical, mental, and emotional health of the children) are not endangered by allowing the children) to.remain.return home. *350 . 25 The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.
. 26. The department.has.has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.
THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:
1. The minor child(ren), ,.,..(name(s))., be placed in the custody of.(name).. under supervision of the department.
2. The judicial review report filed by the department is:
. not accepted and a continuance was requested.
accepted by the court.
3. Other:.
4. All prior orders not inconsistent with the present order shall remain in full force and effect.
5. This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).
..... 6. This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child’s 22nd birthday, whichever shall first occur.
. 7. This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate aftercare support, Road-to-Independence Scholarship, transitional support, mental health, and developmental disability services have been provided to the youth.
8. This matter is scheduled for Judicial Review on.(date).at ....(time).
DONE AND ORDERED in.. Florida, on.(date).
Circuit Judge
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)...» at..... a.m7p.m., before .....(judge)....., at .«..(location)..or as soon thereafter as counsel can be heard.
COMMENT: The following paragraph must be in bold, 14 ot. Times New Roman or Courier
*351 font.
In necordoncc with ⅛⅜ Americans With Disabilitics-Aety persons needing n special accommodation to participate in thisproeeeding should contact the Qfficeofthe- Court Administrator no later thai^7 days before the proceeding at >u..(telephone number)..Jf von are a person with a disability who needs anv accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact.(name, address, and telephone number)..... at least 7 days before vour scheduled court appearance, or immediately anon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired. call 711.
PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:...
*352 FORM 8.975. DEPENDENCY ORDER WITHHOLDING ADJUDICATION ORDER OF ADJUDICATION
THIS CAUSE came before this court on.(date)....., under chapter 39, Florida Statutes, for adjudication of the Petition for Dependency filed by.(petitioner’s name).Present before the court were
..(Name)....., Petitioner
.(Name).Attorney for the petitioner
.(Name).. Attorney for the department
.....(Name).Department caseworker
.(Name)....., Mother
.(Name).Attorney for mother
.(Name)., Father of.(child).
.(Name).Attorney for father
.(Name).," Guardian ad litem
.(Name).. Attorney for guardian ad litem
.(Name)., Legal custodian
.(Name).. Attorney for legal custodian
. .....(Name).. Other.....
The court having heard testimony and argument and being otherwise fully advised in the premises finds:
1. That the minor child(ren) who is/are the subject matter of these proceedings, is/are dependent within the meaning and intent of chapter 39, Florida Statutes, and is/are (a) resident(s) of the State of Florida.
2. The mother.(name).:
.was was not noticed of this hearing;
.did not appear, and the court:
..... entered a Consent for failure to appear after proper notice.
.did not enter a Consent for failure to appear after proper notice.
.appeared with counsel;
.appeared without counsel and:
.was.was not advised of her right to legal counsel,
.knowingly, intelligently, and voluntarily waived.did not waive her right to legal counsel and
was.was not determined to qualify as indigent and
*353 .was.was not appointed an attorney.
3. The father,.(name).:
.was.was not noticed of this hearing;
.did not appear, and the court:
.entered a Consent for failure to appear after proper notice.
did not enter a Consent for failure to appear after proper notice,
.appeared with counsel;
.appeared without counsel and:
was.was not advised of his right to legal counsel,
knowingly, intelligently, and voluntarily waived.did not waive his right to legal counsel and
.was..... was not determined to qualify as indigent and
.was.was not appointed an attorney.
.4. That the children) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the mother, ....(name) abused, neglected or abandoned the minor child(ren) by... These facts were proven by.preponderance of the evidence.clear and convincing evidence.
.5. That the child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the father, .....(name)..abused, neglected or abandoned the minor children) by .These facts were proven by preponderance of the evidence.clear and convincing evidence.
.6. That the parties have filed a mediation agreement in which the parent(s) consentís) to the adjudication of dependency of the child(ren) in conjunction with a withhold of adjudication, which the court accepts.
7. Under section 39.507(5), Florida Statutes, the Court finds that the child(ren) named in the petition are dependent, but finds that no action other than supervision in the child(ren)’s home is required.
THEREFORE, based upon the foregoing findings, it is ORDERED AND ADJUDGED
that:
1. Under section 39.507(5), Florida Statutes, the Court hereby withholds adjudication of dependency of the minor child(ren). The children) shall be
*354 .returned/continued.in (child(ren)’s home) under the supervision of the department. If this court later finds that the parents have not complied with the conditions of supervision imposed, the court may, after a hearing to establish the noncompliance, but without further evidence of the state of dependency, enter an order of adjudication.
2. This court shall retain jurisdiction over this cause to enter any such further orders that may be deemed necessary for the best interest and welfare of the minor child(ren).
3. All prior orders not inconsistent with the present order shall remain in full force and effect.
4. Disposition is scheduled for.(date).. at.a.m./p.m.
DONE AND ORDERED on.date.
Circuit Judge
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above styled cause on .....(date).,,., ata.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.
COMMENT: The following paragraph must be in bold. 14 pt. Times New Roman or Courier font.
In-accordance with the Americans With DisabilitiesAcfi persons needing a special aeeommodation to-pnrtieipnte in this proceeding should contact the Office of the Court you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at mo cost to you, to the provision of certain assistance. Please contact —(name, address, and telephone number)..... at least 7 davs before vonr scheduled court appearance, or immediately noon receiving this notification if the time before the scheduled appearance is less than 7 davs. If you are hearing or voice impaired, call 711.
PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
*355 FORM 8.979. SUMMONS FOR ADVISORY HEARING SUMMONS AND NOTICE OF ADVISORY HEARING FOR TERMINATION OF PARENTAL RIGHTS AND GUARDIANSHIP
STATE OF FLORIDA
TO: (name and address of person being summoned)
A Petition for Termination of Parental Rights under oath has been filed in this court regarding the above-referenced children), a copy of which is attached. You are to appear before .(judge) , at (time and location of hearing) for a TERMINATION OF PARENTAL RIGHTS ADVISORY HEARING. You must appear on the date and at the time specified.
FAILURE TO PERSONALLY APPEAR AT THIS ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS TO THIS CHILD (THESE CHILDREN). IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED YOU MAY LOSE ALL LEGAL RIGHTS TO THE CHILD (OR CHILDREN) NAMED IN THE PETITION ATTACHED TO THIS NOTICE.
COMMENT: The following paragraph must be in bold. 14 Pt. Times New Roman or Courier font.
If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, telephone number)»»! within two working-days of your receint of this snmmensiat least 7 days before vour scheduled court appearance, or immediately noon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711,
Witness my hand and seal of this court at (city, county, state) on (date).
CLERK OF COURT BY:_ DEPUTY CLERK
AVISO Y CITACIÓN PARA LA AUDIENCIA INFORMATIVA SOBRE LA TERMINACIÓN DE LOS DERECHOS PATERNALES Y DE LA TUTELA
ESTADO DE LA FLORIDA
PARA:_ (Nombre y dirección de la persona a ser citada)
CONSIDERANDO que se ha interpuesto en este Juzgado una solicitud bajo juramento para la terminación de los derechos paternales con respecto al(os) niño(s) en referencia, adjuntándose copia de la misma. Mediante la presente se le ordena comparecer ante el _a las_para una AUDIENCIA (Juez) (hora y lugar de la audiencia)
*356 INFORMATIVA SOBRE LA TERMINACIÓN DE LOS DERECHOS PATERNALES. Usted deberá comparecer en le fecha y hora indicadas.
SI USTED NO COMPARECE PERSONALMENTE A LA AUDIENCIA INFORMATIVA, ESTO SIGNIFICARÁ QUE USTED ACCEDE A LA TERMINACIÓN DE SUS DERECHOS PATERNALES CON RESPECTO A ESTE(OS) NIÑO(S). SI USTED NO COMPARECE EN LA FECHA Y HORA INDICADAS, USTED PODRÁ PERDER TODOS SUS DERECHOS LEGALES CON RESPECTO AL/LOS NIÑO(S) MENCIONADO(S) EN LA PETICIÓN ADJUNTA A ESTE AVISO.
personns incapacitadas quienes, por sus incapacidades; necesiton-neomodos especiales para participar en esto proceso deben ponerse en-coataeto cow un coordinador de-ADA-en el ¡minm no mas-tarde de 2 dias teborables antes de tal proceso pura recibidasistcnda» Ei usted es una persona con una discanacidad que necesita cualquier tipo de trato especial para participar en este procedimiento, usted tiene derecho, sin costa alguno para usted. para la presetación de asistencia determinadas. Póngase en contacto con .....(nombre. dirección, número de teléfono).por lo menos 7 dias antes la aparición en la corte programado, o inmediatamente después de reciber esta notification, si el tiempo antes de la comparecencia prevista es inferiof a 7 dias. Si usted está ovendlo o voz alterada, llame al 711.
Firmado y sigilado en este Juzgado
___el_ (ciudad, condado, estado) (fecha)
ESCRIBANO DEL TRIBUNAL POR: _ ESCRIBANO DELEGADO
MANDA AK AVÉTISMAN POU ENFOME-W SOU YON CHITA TANDE, POU YO ANILE DWA-W KÓM PARAN AK KÓM GADYEN
Leta Florid
POU: (non ak adrés mouo yo voye manda-a),
KÓM, tandiske, gen yon demann sémante pou anile dwa paran-yo, ki prezante devan tribinal-la, konsénan timoun ki noninen nan lét sa-a, piwo-a, yon kopi dokiman-an kwoke nan dosye-a., yo bay lód pou prezante devan (Jij-la) a.(nan.lé ak adrés chita tande-a).. NAN YON CHITA TANDE POU YO ENFÓME-W, YO GEN LENTANSYON POU ANILE DWA-OU KÓM PARAN. Ou fét pou prezante nan dat ak lé ki endike-a.
SI OU PA PREZANTE FÉSONÉLMAN NAN CHITA TANDE-A, POU YO ENFÓME-W, YO GEN LENTANSYON POU ANILE DWA-OU KÓM PARAN, SA KA LAKÓZ YO DESIDE OU KONSANTI TIMOUN SA-A (YO), BEZWEN PWOTEKSYON LETA EPI *357 SA KA LAKÓZ OU PEDI DWA-OU KÓM PARAN T1MOUN SAA(YO), KI GEN NON YO MAKE NAN KOPI DEMANN-NAN, KI KWOKE NAN AVÉTISMAN-AN
An oled nk- Lwa-pou-Ameriten-Iti-Andikapc-yo-de-anc--1990-(ADA) a? moan Id andiknpeyo,-ltipout<)t-nndikap-yo-nn-,bezw<;n-dearonjPiQnspcsyalpou-yoka-patisip<? nan derealman yo? ffet pou-rantrenn-iaiotaknk lioodinotc ADA a nan jmmwpa pi takenon 2 jou travay lti vin onvan dcronlmonnnpou yo kn rcsevwa nsistansi Nimowo pou Scvis TradiksvoiHHB» la-Florid nomnoan ki sotid-se 77L Si ou sc von moun infirm, ki beswen 'c<I ou ki bewsen ke o akomode w pou ou patisne nan pwosedi sa vo. ou eenven dwa. san ke ou pa neve, a setin ‘‘ed. Silvouole kontake (non, address, telephone) o moin 7 iou avan dat ou eenven rendevou pou ale nan tribunal, ou si le ou resevwa avi a. eenven mouins ke 7 iou avan date endevou tribunal la. Ou si ou oa tande pale, rete nan nimerro sa 711.
Mwen siyen non mwen e mete so mwen nan dokiman tribinal-la kom temwen nan (vil, distrik, eta).. nan ... (dat).
GREFYE TRIBINAL-LA PA:_ ASISTAN GREFYE TRIBINAL-LA
*358 FORM 8.982 NOTICE OF ACTION FOR ADVISORY HEARING
.(Child(ren)’s initials anddate(s) of birth).
NOTICE OF ACTION AND OF ADVISORY HEARING FOR TERMINATION OF PARENTAL RIGHTS AND GUARDIANSHIP
STATE OF FLORIDA
TO: (name and address of person being summoned)....
A Petition for Termination of Parental Rights under oath has been filed in this court regarding the above-referenced child(ren). You are to appear before.(judge).. at.(time and address of hearing) for a TERMINATION OF PARENTAL RIGHTS ADVISORY HEARING. You must appear on the date and at the time specified.
FAILURE TO PERSONALLY APPEAR AT THIS ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS TO THIS CHILD (THESE CHILDREN). IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED YOU MAY LOSE ALL LEGAL RIGHTS TO THE CHILD (OR CHILDREN) WHOSE INITIALS APPEAR ABOVE.
COMMENT: The following paragraph must be in bold. 14 pt. Times New Roman or Courier font.
If you are a person with a disability who needs any accomodation to particiapte in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ......(name, address, telephone number)..... within two working days of your receipt of this snmmensat least 7 davs before vour scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 davs. If you aré hearing or voice impaired, call 711.
Witness my hand and seal of this court at (city, county, state) on.(date)..
CLERK OF COURT BY:_ DEPUTY CLERK
AVISO Y CITACION PARA LA AUDIENCIA INFORMATIVA SOBRE LA TERMINACION DE LOS DERECHOS PATERNALES Y DE LA TUTELA
ESTADO DE LA FLORIDA
PARA: (Nombre y dirección de la persona a ser citada)
CONSIDERANDO que se ha interpuesto en este Juzgado una solicitud bajo juramento para la terminación de los derechos paternales con respecto al(os) nino(s) en referencia, adjuntándose copia de la misma. Mediante la presente se le ordena comparecer ante el alas ====^^=========^^=ra=
*359 (Juez) (hora y lugar de la audiencia)
para una AUDIENCIA INFORMATIVA SOBRE LA TERMINACION DE LOS DERECHOS PATERNALES. Usted deberá comparecer en le fecha y hora indicadas.
SI USTED NO COMPARECE PERSONALMENTE A LA AUDIENCIA INFORMATIVA, ESTO SIGNIFICARA QUE USTED ACCEDE A LA TERMINACION DE SUS DERECHOS PATERNALES CON RESPECTO A ESTE(OS) NINO(S). SI USTED NO COMPARECE EN LA FECHA Y HORA INDICADAS, USTED PODRA PERDER TODOS SUS DERECHOS LEGALES CON RESPECTO AL/LOS NINO(S) MENCIONADOS) EN LA PETICION ADJUNTA A ESTE AVISO.
Be acuerdo con la Ley-de Americanos coa Incapacidades de 1990 (ADA)rlns personas incapacitadas quienes, por sus incapacidades» necesitan acomodos especiales puro pnrtieipnr-en este-proceso deben ponerse en contacto con un coordinador de ADA en el no mas tarde de 2 días laborables antes de tal proceso para recibir asistencia, El numero para el Servicio de Interpretación-de la Florida narn Personas Sordas es el-771. Si usted es una persona con una discanaridad que necesita caalanier tino de trato especial para participar en este procedimiento, usted tiene derecho, sin costa alguno para usted, para la presetaeión de asistencia determinadas. Póngase en contacto con.(nombre, dirección, numero de teléfono).por lo menos 7 dias antes la aparición en la corte programado, o immediatamente después de redber esta notification, si el tiempo antes de la comparecencia prevista es inferiof a 7 dias. Si usted está ovendo o voz alterada, llame al 711.
Firmado y sigilado en este Juzgado el (ciudad, condado, estado) (fecha)
ESCRIBANO DEL TRIBUNAL POR:_ ESCRIBANO DELEGADO
MANDA AK AVTISMAN POU ENFOME-W SOU YON CHITA TANDE, POU YO ANILE DWA-W KM PARAN AK KM GADYEN.
LETA FLORID
POU:.(non ak adrs moun yo voye manda-a).
KOM, tandiske, gen yon demann smante pou anile dwa paran-yo, ki prezante devan tribinal-la, konsnan timoun ki nonmen nan It sa-a, piwo-a, yon kopi dokiman-an kwoke nan dosye-a., yo bay Id pou prezante devan.(Jij-la).. a.(nan.l ak adrs chita tande-a)., NAN YON CHITA TANDE POU YO ENFME-W, YO GEN LENTANSYON POU ANILE DWA-OU KM PARAN. Ou ft pou prezante nan dat ak 1 ki endike-a.
SI OU PA PREZANTE PSONLMAN NAN CHITA TANDE-A, POU YO ENFME-W, YO GEN LENTANSYON POU ANILE DWA-OU KM PARAN, SA KA LAKZ YO DESIDE OU KONSANTI TIMOUN SA-A (YO), BEZWEN PWOTEKSYON LETA EPI *360 SA KA LAKZ OU PDI DWA-OU KM PARAN TÍMOUN SA-A(YO), KI GEN NON YO MAKE NAN KOPIDEMANN-NAN, KI KWOKE NAN AVTISMAN-AN
An uku uk-Lwupou-Araerikenki- Andikflpe-yo-deoiie-t99d(ABA>% raotmki andiknpeyortdpoutetundtlmp yo an» bezwcn dc uranjmmt spesyol pou yo-kapatisipenaa deroalman-y%fet-poB-fnntreogknotiA-akbo9dinnte-ADAaaaa.aTnTOipa-pi4ttItenon 2 jew travny-ki rin unvunderoulmon an pou yoke. rescvwn nsistensrNimcwo pouSevis Trudiltsyon non-la Florid pou-mouukisoud-se771i Si ou se von mourn infirm, ki beswen Ad ou ki bewsen ke o akomode w pou ou patisne nan pwosedi sa yo. on genven dwa, san ke ou pa oeve, a setin Ad. Silvounle kontake.(non, address, telephone!..,., o mola 7 iou avan dat ou eeaven rendevou pou ale nan tribunal, ou si le ou resevwa avi a, genven moains kc 7 iou avan date endevou tribunal la. Ou si ou pa tande pale, relc nan nimerro sa 711.
Mwen siyen non mwen e mete so mwen nan dokiman tribinal-Ia km temwen nan.(vil, distrik, eta).nan .....(dat).
GREFYE TRIBINAL-LA PA:_
ASISTAN GREFYE TRIBINALA-L

. In addition to the amendments specifically described, other minor and editorial amendments are also made to several of the rules and forms.

. We note, however, that this new requirement in the rule does not relieve defense counsel of his or her separate obligations to the client.

.The Commitlee proposed adding a third item constituting “commencement” of a proceeding. That item, a petition for an injunction to prevent child abuse, was recently added to rule 8.201(a) in another case. See In re Amend. to Fla. R. Juv. P., 101 So.3d 368, 369 (Fla.2012).

. Florida Rule of Judicial Administration 2.540(c)(1) states:
(1) All notices of court proceedings to be held in a public facility, and all process compelling appearance at such proceedings, shall include the following statement in bold face, 14-point Times New Roman or Courier font:
"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

. As adopted, the amendments to this form differ slightly from those proposed by the Committee. In its proposed amendments, the Committee referred to the "Victim’s Crime Compensation Trust Fund,” but under section 938.03, Florida Statutes (2012), the trust fund is called the "Crimes Compensation Trust Fund.” Additionally, the proposed amendments referred to "chapter 800 (lewd or lascivious),” but the title of chapter 800 is "Lewdness; Indecent Exposure.”